**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Kimberly Roquemore, Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased | ) ) ) | CASE NO. 1:24-CV-1434 |
| Plaintiff, | ) ) ) | JUDGE DONALD C. NUGENT |
| vs. | ) ) ) | REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND LR 16.3(b) |
| Cuyahoga Metropolitan Housing Authority, et al. | ) ) | |
| Defendant. | ) | |

1. Pursuant to FED. R. CIV. P. 26(f) and LR 16.3(b), a meeting was held on __November 18, 2024__, and was attended by:

   __David B. Malik__ counsel for plaintiff(s) __Kimberly Roquemore__

   _____ counsel for plaintiff(s) _____

   __Aretta K. Bernard and__ counsel for defendant(s) __All Defendants__

   __Stephanie Olivera Mittica__ counsel for defendant(s) _____

2. The parties:

   ___ have exchanged the pre-discovery disclosures required by FED. R. CIV. P. 26(a)(1) and the Court's prior order;

   _X_ will exchange such disclosures by __12/6/2024__;

3. The parties recommend the following track:

   ___ Expedited    _X_ Standard    ___ Complex

   ___ Administrative    ___ Mass Tort

  4.  This case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

    ___ Early Neutral Evaluation ___ Mediation ___ Arbitration

    ___ Summary Jury Trial   ___ Summary Bench Trial

    _X_ Case not suitable for ADR

  5. The parties ___ do/ _X_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

  6. Recommended Discovery Plan:

    (a) Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

The parties will exchange written discovery and take depositions with regard to all claims and defenses asserted in this matter.

    (b) The parties (indicate one):

    _____ agree that there will be no discovery of electronically-stored information; or

    _____ have agreed to a method for conducting discovery of electronically-stored information; or

    __X__ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to Northern District Ohio Local Rules)

*Following the November 18, 2024, planning call, Plaintiff's counsel proposed that the discovery cut-off date be extended by six months - until December 5, 2025. This would also impact the below dates, with the exception of item #8.

    (c)  Non- Expert Discovery cut-off date: __6/6/2025__

    (d)  Plaintiff's (or party with the burden of proof on an issue) expert report due date: __Liability: 6/30/2025__ Damages: 60 days following ruling on dispositive motion(s)

    Defendant's (or party without the burden of proof on an issue) due date: __Liability: 8/29/2025__ Damages: 60 days after Plaintiff's expert report

    Expert Discovery cut-off date: __Liability: 10/30/2025__ Damages: 30 days before trial

7. Recommended dispositive motion date: __11/20/2025__

8. Recommended cut-off date for amending the pleadings and/or adding additional parties: __12/6/2024__

9. Recommended date for a Status Hearing: __5/2/2025__

10. Other matters for the attention of the Court:

    None at this time.

Attorney for Plaintiff(s) __/s/ David Malik (by email approval on 11/19/24)__

Attorney for Plaintiff(s) _____

Attorney for Defendant(s) /s/ Aretta K. Bernard

Attorney for Defendant(s)