IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLY ROQUEMORE, Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased,

Plaintiff,

vs.

CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al.,

Defendants.

CASE NO. 1:24-CV-01434

JUDGE DONALD C. NUGENT

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

Defendants, denominated by Plaintiff as Cuyahoga Metropolitan Housing Authority ("CMHA"), Cuyahoga Metropolitan Housing Authority Police Department ("CMHA PD"), Andrés González, Victor McDowell, Desmond Ragland, Thomas Burdyshaw, John Smiddy[1], and Jeffery Patterson (collectively "Defendants"), timely file this Amended Answer pursuant to this Court's Case Management Conference Minute Sheet and the parties' planning report. Doc. #28 and Doc. #25). For their Amended Answer to Plaintiff's Amended Complaint, Defendants state as follows:

**RESPONSE TO INTRODUCTION**

1. With regard to the allegations and statements contained in Paragraph 1 of Plaintiff's Amended Complaint, Defendants admit that there is body worn camera video of the events of

[1] John Smiddy was not served until November 14, 2024, his Answer to Plaintiff's Amended Complaint was timely filed on December 5, 2024. Smiddy's Answer is being amended as well.

September 5, 2022, but deny that Plaintiff can state a valid claim pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act, 42 U.S.C. §12101 against them. All other allegations or inferences contained in Paragraph 1 of Plaintiff's Amended Complaint are denied.

2. With regard to the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint, Defendants state that Officer Ragland's actions on September 5, 2022, were at all times objectively reasonable, in accordance with law, and in accordance with CMHA's CALEA certified policies. Defendants further state that following a comprehensive investigation conducted by the Cleveland Police Department and Ohio Attorney General, this matter was presented to the Grand Jury and the Grand Jury returned a "No Bill" finding Officer Ragland's actions to have been reasonable. Defendants additionally state that at the time of Officer Ragland's objectively reasonable, constitutional and justified use of force in self-defense, the identity of the individual who committed a felonious assault upon Officer Ragland was unknown. Defendants admit that Officer Ragland's assailant was later identified as Maalik Roquemore ("Roquemore") a resident of CMHA. Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiff's Amended Complaint and therefore deny the same. All other allegations, claims, characterizations or inferences contained in Paragraph 2 of Plaintiff's Amended Complaint are denied.

3. With regard to the allegations contained in the first portion of the first sentence of Paragraph 3 of Plaintiff's Amended Complaint regarding Roquemore's claimed medically documented disorders only, Defendants state that they are without information sufficient to form a belief as to the truth or falsity thereof and therefore deny the same. Defendants state affirmatively that Roquemore's identity and alleged medical history were unknown at the time of the rapidly evolving events that resulted in Officer Ragland's objectively reasonable, constitutional and

justified use of force. Defendants deny all of the remaining allegations, claims, characterizations and inferences contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. With regard to the allegations contained in Paragraph 5 of Plaintiff's Amended Complaint, Defendants admit that Officer Ragland who was fully and competently trained was patrolling on September 5, 2022, in response to a noise complaint. All other allegations, claims, characterizations and inferences contained in Paragraph 5 of Plaintiff's Amended Complaint are denied.

6. With regard to the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint, Defendants state that at the time of his hiring in March of 2022, Officer Ragland had received his Ohio Peace Officer Training Commission Certification of Completion in August of 2021, had previously completed in 2020 the Lorain County Sheriff's Office Auxiliary Academy, had been previously hired as an auxiliary officer for the City of Oberlin and had previously been hired as a patrol officer with the City of Mansfield for several months where he underwent several months of field training. Additionally, Defendants state that there is no mandatory training period for police officers, and that Officer Ragland was fully and competently trained. See, Exhibit A hereto, a true and accurate copy of Officer Ragland's Field Training Checklist demonstrating and verifying his proficiency in all categories. See also, Exhibit B, Officer Ragland's Use of Force and Range Qualifications Certificate and Range Proficiency Record. See, also, Exhibit C, Officer Ragland's Taser Training Certification. Defendants deny the remaining allegations, claims, characterizations and inferences contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. With regard to the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint, Defendants state that when Officer Ragland was attempting to exit his cruiser, an assailant, later identified as Roquemore, without warning or provocation began punching and hitting Officer Ragland in the head and face. Officer Ragland attempted to discharge his Taser as he was being violently assaulted and his assailant, later identified as Roquemore, struck Officer Ragland's hand causing the Taser to fall to the ground. All other allegations, claims, characterizations and inferences contained in Paragraph 9 of Plaintiff's Amended Complaint are denied.

10. With regard to the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint, insofar as the allegations characterize a portion of the events captured on body worn camera video, Defendants state the video speaks for itself and deny Plaintiff's characterizations. Defendants state affirmatively that Officer Ragland was attempting to exit his cruiser, Roquemore without warning or provocation began punching and hitting Officer Ragland in the head and face and struck Officer Ragland's hand causing the Taser to fall to the ground. Accordingly, Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 10 of Plaintiff's Amended Complaint.

11. With regard to the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint, Defendants state that despite Officer Ragland retreating from Roquemore and despite Officer Ragland's repeated commands to Roquemore to stay away from Officer Ragland,

Roquemore continued toward Officer Ragland who pulled out his department-issued weapon in self-defense. All other allegations, claims, characterizations and inferences contained in Paragraph 11 of Plaintiff's Amended Complaint are denied.

12. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 13 of Plaintiff's Amended Complaint. Defendants state that the Ohio Attorney General Peace Officer Training Commission requires 24 hours of Crisis Intervention Training as part of the OPOTA curriculum that Officer Ragland completed to obtain his certification. See also, Exhibit A hereto evidencing Officer Ragland's field training proficiency regarding, *inter alia,* Crisis Intervention.

14. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 14 of Plaintiff's Amended Complaint.

**RESPONSE TO JURISDICTION AND VENUE**

15. With regard to the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint, Defendants admit Plaintiff's Amended Complaint attempts to state a claim under 42 U.S.C. §1983 but Defendants deny that Plaintiff can state a legally valid claim against them under the referenced statute. All other allegations or inferences contained in Paragraph 15 of Plaintiff's Amended Complaint are denied.

16. With regard to the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint, Defendants admit that this Court has subject matter jurisdiction in this matter, but deny that Plaintiff has or can state a legally valid civil rights claim against them. All other allegations or inferences contained in Paragraph 16 of Plaintiff's Amended Complaint are denied.

17. With regard to allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, Defendants admit this Court has pendant jurisdiction over state law claims but deny that Plaintiff has or can state any valid state law claims against them. All other allegations or inferences contained in Paragraph 17 of Plaintiff's Amended Complaint are denied.

18. With regard to the allegations contained in Paragraph 18 Plaintiff's Amended Complaint, Defendants admit that venue in this Court is proper but deny that Plaintiff has or can state valid legal claims against them. All other allegations or inferences contained in Paragraph 18 of Plaintiff's Amended Complaint are denied.

**RESPONSE TO ALLEGATIONS AS TO DENOMINATED PARTIES**

19. Upon information and belief, Defendants admit the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint

20. With regard to the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint, Defendants admit upon information and belief that they learned after the events of September 5, 2022, that Roquemore age 32 had passed away in Cuyahoga County and is survived by his mother, Ms. Roquemore. All other allegations, claims, characterizations and inferences contained in Paragraph 20 of Plaintiff's Amended Complaint are denied.

21. With regard to the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint, Defendants admit that Officer Ragland is a person, a police officer with CMHA PD and was acting under color of law and acted lawfully in the course and scope of his employment as a police officer in his official capacity on September 5, 2022. Defendants deny that Plaintiff has or can state a claim against Officer Ragland pursuant to 42 U.S.C. § 1983. All other allegations, claims, characterizations or inferences contained in Paragraph 21 of Plaintiff's Amended Complaint are denied.

22. With regard to the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, Defendants admit that Chief Andrés González is a person, is the Chief of CMHA's Police Department and at all times acted lawfully in the course and scope of his employment in his official capacity. Defendants deny that Plaintiff has or can state a claim against Defendant Gonzalez pursuant to 42 U.S.C. §1983. Defendants deny the remaining allegations, statements and inferences contained in Paragraph 22 of Plaintiff's Amended Complaint.

23. Insofar as the statements contained in Paragraph 23 of Plaintiff's Amended Complaint appear to summarize a CMHA policy and procedure, Defendants state that the policy and procedure referenced speaks for itself. All other allegations, claims, characterizations or inferences contained in Paragraph 23 of Plaintiff's Amended Complaint are denied.

24. With regard to the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint, Defendants state that there is no basis in law or fact for any of Plaintiff's claims against Chief González in his individual or official capacity and therefore deny the same.

25. With regard to the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint, Defendants admit that CMHA is a political subdivision in the state of Ohio. Defendants further admit that CMHA has its own police department authorized by statute. Insofar as some of the allegations contained in Paragraph 25 appear to quote CMHA's strategic plan, Defendants state that the strategic plan speaks for itself. Insofar as the allegations attempt to state legal conclusions, Defendants state the law speaks for itself and no response is required. Defendants further state that Plaintiff cannot state a claim against CMHA pursuant to 42 U.S.C. §1983 as a matter of law. All other allegations, claims, characterizations and inferences contained in Paragraph 25 of Plaintiff's Amended Complaint are denied.

26. With regard to the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint, Defendants admit that CMHA is a political subdivision of the State of Ohio and that it has a lawfully established police department. Insofar as the allegations attempt to state legal conclusions, Defendants state the law speaks for itself and no response is required. Defendants deny the remaining allegations, claims, characterizations and inferences contained in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 27 of Plaintiff's Amended Complaint and state affirmatively that there is no recognized Americans with Disabilities Act claim that is actionable based on the allegations made in this matter.

28. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 28 of Plaintiff's Amended Complaint. See also, response to Paragraph 13 of Plaintiff's Amended Complaint.

29. With regard to the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint, Defendants admit that CMHA operates a CALEA certified police department in accordance with law and state affirmatively that CMHA PD is not *sui juris*. All other allegations, claims, characterizations or inferences contained in Paragraph 29 of Plaintiff's Amended Complaint are denied.

30. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 30 of Plaintiff's Amended Complaint.

31. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 31 of Plaintiff's Amended Complaint.

32. With regard to the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint, Defendants admit that Victor McDowell is a person and the Deputy Chief of CMHA PD who at all times acted lawfully within the course and scope of his employment, under color of law in his official capacity. Defendants deny that Plaintiff has or can state a claim against Defendant McDowell pursuant to 42 U.S.C. §1983. Defendants deny the remaining allegations, claims, characterizations or inferences contained in Paragraph 32 of Plaintiff's Amended Complaint are denied.

33. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 34 of Plaintiff's Amended Complaint.

35. With regard to the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint, Defendants admit that Thomas M. Burdyshaw is a person and a CMHA PD Commander who at all times acted lawfully within the course and scope of his employment, under color of law in his official capacity. Defendants deny that Plaintiff has or can state a claim against Commander Burdyshaw pursuant to 42 U.S.C. §1983. Defendants deny the remaining allegations, claims, characterizations and inferences contained in Paragraph 35 of Plaintiff's Amended Complaint are denied.

36. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 36 of Plaintiff's Amended Complaint.

37. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 37 of Plaintiff's Amended Complaint.

38. With regard to the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint, Defendants admit that John Smiddy is a person and a former employee with CMHA in CMHA's Police Department as a sergeant and was at one time the CMHA PD Field Training Officer Program Supervisor. Defendants admit that Defendant Smiddy at all times acted lawfully in the course of his employment, under color of law in his official capacity. Defendants deny that Plaintiff has not or can state a claim against Defendant Smiddy pursuant to 42 U.S.C. §1983. Defendants deny the remaining allegations, claims, characterizations and inferences contained in Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 39 of Plaintiff's Amended Complaint.

40. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 40 of Plaintiff's Amended Complaint.

41. With regard to the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint, Defendants admit that Jeffery Patterson is a person and the Chief Executive Officer and Safety Director for CMHA. Defendants deny that Plaintiff has or can state a claim against Mr. Patterson pursuant to 42 U.S.C. §1983. All other allegations, claims, characterizations and inferences contained in Paragraph 41 of Plaintiff's Amended Complaint are denied.

42. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 42 of Plaintiff's Amended Complaint.

43. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 43 of Plaintiff's Amended Complaint.

44. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 44 of Plaintiff's Amended Complaint.

## RESPONSE TO ALLEGATIONS OF FACTS

## RESPONSE TO ALLEGATIONS RE: BRIEF HISTORY OF MAALIK ROQUEMORE AND FAMILY

45. Defendants incorporate as though fully rewritten herein each of the forgoing admissions and denials.

46. Upon information and belief, Defendants admit that they learned after the events of September 5, 2022, that Roquemore's date of birth is January 21, 1990, and that he was 32 years old on September 5, 2022. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations, claims, characterizations and inferences contained in Paragraph 46 of Plaintiff's Amended Complaint, and therefore deny the same.

47. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint and therefore deny the same.

48. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint and therefore deny the same.

49. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49 of Plaintiff's Amended Complaint and therefore deny the same.

50. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint and therefore deny the same.

51. Defendants deny the first sentence of Paragraph 51 of Plaintiff's Amended Complaint. With regard to the remaining allegations contained in Paragraph 51 of Plaintiff's

Amended Complaint, Defendants are without information sufficient to form a belief as to the truth or falsity thereof and therefore deny the same. Defendants deny the remaining allegations, claims, characterizations and inferences contained in Paragraph 51 of Plaintiff's Amended Complaint.

52. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of Plaintiff's Amended Complaint and therefore deny the same.

53. With regard to the allegations contained in Paragraph 53 of Plaintiff's Amended Complaint, Defendants state that on September 5, 2022, at the time Roquemore flagged Officer Ragland down and physically assaulted Officer Ragland, Roquemore's identity, address, medical history and alleged mental illnesses were unknown to Officer Ragland. Defendants deny the allegations, claims, characterization and inferences contained in Paragraph 53 of Plaintiff's Amended Complaint.

54. With regard to the allegations contained in Paragraph 54 of Plaintiff's Amended Complaint, Defendants state that they did not know Roquemore and were at all times unaware of any alleged mental health challenges or mental health information regarding Roquemore. Defendants are without information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 54 of Plaintiff's Amended Complaint and therefore deny the same.

55. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint and therefore deny the same.

56. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56 of Plaintiff's Amended Complaint and therefore deny the same.

57. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of Plaintiff's Amended Complaint and therefore deny the same.

**RESPONSE TO ALLEGATIONS RE: MAALIK'S ALLEGED MENTAL HEALTH CRISIS ON SEPTEMBER 5, 2022**

58. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 58 of Plaintiff's Amended Complaint and therefore deny the same.

59. With regard to the allegations contained in Paragraph 59 of Plaintiff's Amended Complaint, Defendants admit that Officer Ragland was dispatched to respond to a noise complaint on September 5, 2022, and advised dispatch at approximately 12:36:44 a.m. that a male was flagging him down. Defendants further state that the dispatch recordings and related documents speak for themselves. Defendants deny the remaining allegations, claims, characterizations and inferences contained in Paragraph 59 of Plaintiff's Amended Complaint.

60. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 60 of Plaintiff's Amended Complaint.

61. With regard to the allegations contained in Paragraph 61 of Plaintiff's Amended Complaint, Defendants state that the body worn camera video and radio traffic speak for themselves. All other allegations, claims, characterizations and inferences contained in Paragraph 61 of Plaintiff's Amended Complaint are denied.

62. With regard to the allegations contained in Paragraph 62 of Plaintiff's Amended Complaint, Defendants state that Roquemore's attire as depicted on the body worn camera video of Officer Ragland speaks for itself. Defendants deny all other allegations, allegations, claims, characterizations and inferences containing Paragraph 62 of Plaintiff's Amended Complaint.

63. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 63 of Plaintiff's Amended Complaint.

64. With regard to the allegations contained Paragraph 64 of Plaintiff's Amended Complaint, Defendants state that after Roquemore flagged Officer Ragland down, Officer Ragland stopped to assist him and advised his dispatch that it is unknown if the individual flagging him down is related to the noise call. Defendants further state that as Officer Ragland opened the door and put one foot out of the cruiser, Roquemore immediately started assaulting Officer Ragland by punching him in the face and head. All other allegations, claims, characterizations and inferences contained in Paragraph 64 of Plaintiff's Amended Complaint are denied.

65. With regard to the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint, Defendants admit that while Roquemore was assaulting Officer Ragland, he attempted to fire his Taser at Roquemore and that Roquemore struck Officer Ragland's hand while continuing to assault Officer Ragland and disarm him, and Roquemore successfully knocked the Taser from Officer Ragland's hand to the ground in the dark. Defendants further state that after the incident it was discovered that Roquemore had been struck with one Taser prong and that Officer Ragland had an injury to his left hand as a result of Roquemore's assault upon him when he was trying to discharge his Taser. All other allegations, claims, characterizations and inferences contained in Paragraph 65 of Plaintiff's Amended Complaint are denied.

66. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 66 of Plaintiff's Amended Complaint.

67. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 67 of Plaintiff's Amended Complaint.

68. With regard to allegations contained in Paragraph 68 of Plaintiff's Amended Complaint, Defendants state that there was no opportunity for Officer Ragland in these rapidly evolving seconds to remain in or return to his patrol car given the physical assault upon him. All other allegations, claims, characterizations and inferences contained in Paragraph 68 of Plaintiff's Amended Complaint are denied.

69. With regard to the allegations contained in Paragraph 69 of Plaintiff's Amended Complaint, Defendants state that Roquemore defied Officer Ragland's repeated commands to stay away from Officer Ragland and instead continued to charge Officer Ragland who feared for his life. All other allegations, claims, characterizations and inferences contained in Paragraph 69 of Plaintiff's Amended Complaint are denied.

70. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 70 of Plaintiff's Amended Complaint.

71. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 71 of Plaintiff's Amended Complaint.

72. With regard to the allegations contained in Paragraph 72 of Plaintiff's Amended Complaint, Defendants admit that Officer Ragland retrieved his first aid kit to render aid to Roquemore. All other allegations, claims, characterizations and inferences contained in Paragraph 72 of Plaintiff's Amended Complaint are denied.

73. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 73 of Plaintiff's Amended Complaint.

74. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 74 of Plaintiff's Amended Complaint.

75. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 75 of Plaintiff's Amended Complaint.

76. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 76 of Plaintiff's Amended Complaint.

77. With regard to the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint, insofar as these allegations attempt to characterize the dispatch calls, EMS records and statements captured on the body worn camera video, Defendants state that such records and video speak for themselves. All other allegations, claims, characterizations and inferences contained in Paragraph 77 of Plaintiff's Amended Complaint are denied.

78. Insofar as the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint attempt to characterize the events captured on the body worn camera video, Defendants state that the video speaks for itself. All other allegations, claims characterizations and inferences contained in Paragraph 78 of Plaintiff's Amended Complaint are denied.

79. Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79 of Plaintiff's Amended Complaint and therefore deny the same.

80. With regard to the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint, Defendants state that the identity and medical history of Officer Ragland's assailant on September 5, 2022, now known to be Roquemore, was entirely unknown at the time of the

events. Accordingly, Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 80 of Plaintiff's Amended Complaint.

81. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 81 of Plaintiff's Amended Complaint.

82. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 82 of Plaintiff's Amended Complaint.

83. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 83 of Plaintiff's Amended Complaint.

84. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 84 of Plaintiff's Amended Complaint.

85. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 85 of Plaintiff's Amended Complaint. See also, Exhibit B.

86. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 86 of Plaintiff's Amended Complaint.

87. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 87 of Plaintiff's Amended Complaint.

88. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 88 of Plaintiff's Amended Complaint.

89. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 89 of Plaintiff's Amended Complaint.

90. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 90 of Plaintiff's Amended Complaint.

91. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 91 of Plaintiff's Amended Complaint.

92. Insofar as the allegations contained in Paragraph 92 of Plaintiff's Amended Complaint are a recitation of "existing policy," Defendants state that the policy speaks for itself. All other allegations, claims, characterizations and inferences contained in Paragraph 92 of Plaintiff's Amended Complaint are denied.

93. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 93 of Plaintiff's Amended Complaint.

94. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 94 of Plaintiff's Amended Complaint.

95. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 95 of Plaintiff's Amended Complaint.

96. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 96 of Plaintiff's Amended Complaint.

97. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 97 of Plaintiff's Amended Complaint.

98. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 98 of Plaintiff's Amended Complaint.

99. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 99 of Plaintiff's Amended Complaint.

**RESPONSE TO ALLEGATIONS RE: CMHA COMMUNITY POLICIES**

100. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 100 of Plaintiff's Amended Complaint.

101. With regard to the allegations contained in Paragraph 101 of Plaintiff's Amended Complaint, Defendants state that insofar as the allegations appear to summarize a CMHA strategic plan, the strategic plan speaks for itself. All other allegations, claims, characterizations and inferences contained in Paragraph 101 of Plaintiff's Amended Complaint are denied.

102. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 102 of Plaintiff's Amended Complaint.

103. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 103 of Plaintiff's Amended Complaint.

104. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 104 of Plaintiff's Amended Complaint.

105. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 105 of Plaintiff's Amended Complaint.

106. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 106 of Plaintiff's Amended Complaint.

107. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 107 of Plaintiff's Amended Complaint.

108. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 108 of Plaintiff's Amended Complaint.

109. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 109 of Plaintiff's Amended Complaint.

**RESPONSE TO ALLEGATIONS RE: ALLEGED HARM TO PLAINTIFF**

110. Defendants deny the allegations, statements and characterizations contained in Paragraph 110 of Plaintiff's Amended Complaint.

111. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 111 of Plaintiff's Amended Complaint.

112. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 112 of Plaintiff's Amended Complaint.

**RESPONSE TO ALLEGED FIRST CAUSE OF ACTION**

*Excessive Force (And Failure to Train and Supervise 42 U.S.C. § 1983)*

113. Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

114. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 114 of Plaintiff's Amended Complaint.

115. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 115 of Plaintiff's Amended Complaint.

116. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 116 of Plaintiff's Amended Complaint.

117. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 117 of Plaintiff's Amended Complaint.

118. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 118 of Plaintiff's Amended Complaint.

119. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 119 of Plaintiff's Amended Complaint.

120. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 120 of Plaintiff's Amended Complaint.

121. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 121 of Plaintiff's Amended Complaint.

122. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 122 of Plaintiff's Amended Complaint.

123. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 123 of Plaintiff's Amended Complaint.

**RESPONSE TO ALLEGED SECOND CAUSE OF ACTION**
*Wrongful Death*

124. Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

125. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 125 of Plaintiff's Amended Complaint.

**RESPONSE TO ALLEGED THIRD CAUSE OF ACTION**
*Americans with Disabilities Act (42 U.S.C. §12101)*

126. Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

127. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 127 of Plaintiff's Amended Complaint.

128. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 128 of Plaintiff's Amended Complaint.

129. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 129 of Plaintiff's Amended Complaint.

**RESPONSE TO ALLEGED FOURTH CAUSE OF ACTION**
*State Law Claim*

130. Defendants incorporate as though fully rewritten herein each of the foregoing admissions and denials.

131. With regard to the allegations contained in Paragraph 131 of Plaintiff's Amended Complaint, Defendants state that the actions of Officer Ragland on September 5, 2022, were objectively reasonable, consistent with law and satisfied all legal duties owed to Roquemore. All other allegations or inferences contained in Paragraph 131 of Plaintiff's Amended Complaint are denied.

132. With regard to the allegations contained in Paragraph 132 of Plaintiff's Amended Complaint, Defendants state that all of the applicable policies relating to the events of September 5, 2022, are CALEA certified as constitutional and that said policies are consistent with all applicable law. All other allegations and inferences contained in Paragraph 132 of Plaintiff's Amended Complaint are denied.

133. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 133 of Plaintiff's Amended Complaint.

134. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 134 of Plaintiff's Amended Complaint.

135. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 135 of Plaintiff's Amended Complaint.

136. Defendants deny the allegations, claims, characterizations and inferences contained in Paragraph 136 of Plaintiff's Amended Complaint.

137. Defendants deny that Plaintiff is entitled to the relief requested in her Prayer for Relief.

138. Defendants deny any and all allegations and inferences not herein admitted.

**AFFIRMATIVE DEFENSES**

1. Insofar as Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, Plaintiff's Amended Complaint must be dismissed.
2. Insofar as Defendants are entitled to all absolute, qualified, statutory, or common law immunities or privilege granted by Ohio Revised Code Chapter 2744 and Ohio common law, including immunity granted pursuant to Ohio Revised Code 2744.02 and Ohio Revised Code 2744.03, Plaintiff's Amended Complaint must be dismissed.
3. Defendants are entitled to all other absolute and qualified immunities available under federal law and/or state law or both.
4. CMHA cannot be held vicariously liable for any of the alleged claims against the individual Defendants under both federal and state law.
5. CMHA cannot be held liable for any claims under 42 U.S.C. § 1983 because the Amended Complaint fails to state a claim against the individual Defendants.
6. CMHA cannot be held liable for any of the alleged claims under 42 U.S.C. § 1983 to the extent that the individual Defendants are entitled to qualified immunity.
7. Insofar as Plaintiff's Amended Complaint alleges claims against Defendants in their official capacity, such claims are legally the same as alleging claims against CMHA, thus any such claims must be dismissed.
8. Insofar as Plaintiff's claims and damages may be limited or barred by the common law defenses of contributory negligence, comparative negligence, assumption of risk and lack of direct and proximate cause, Plaintiff's claims must be dismissed.

9. Insofar as Plaintiff's claims and damages may be barred by any statutory or common law defenses on compensatory damages, including set-off, collateral source, contribution, and indemnity, Plaintiff's claims must be dismissed or limited accordingly.

10. Plaintiff's claims and damages may be limited or barred, in whole or in part, on account of Roquemore's own criminal, illegal, and reckless conduct, including the statutory bar to recovery and the statutory limitations imposed by Ohio Revised Code 2307.60.

11. Insofar as Defendants' actions were in good faith, privileged and in accordance with law, Plaintiff's claims must be dismissed.

12. Defendants are entitled to rely upon all enforcement rights, privilege, defenses and authority granted to police officers, including the authority and right to use force to effectuate arrests, for self-defense, to protect the safety of other police officers, and to protect the public safety.

13. Insofar as Plaintiff's purported Americans with Disabilities Act claim is not a recognizable claim under the circumstances in this matter, Count Three of Plaintiff's Amended Complaint must be dismissed.

14. Insofar as any of Plaintiff's claims are time-barred by the applicable statute of limitations, Plaintiff's claims must be dismissed.

15. Insofar as Plaintiff's claims and damages may be limited or barred by any statutory or common law defenses or limitations governing joint and several liability, including the statutory defenses set forth in Ohio Revised Code §§ 2307.22 and 2307.23, Plaintiff's claims must be dismissed.

16. Plaintiff's claims and damages may be limited or barred, in whole or in part, by the failure to mitigate damages.

17. Insofar as Plaintiff's request for attorneys' fees and costs may be limited or barred by the limitations on attorney fee awards under 42 U.S.C. § 1988, Rule 54 of the Federal Rules of Civil Procedure, and Ohio law, Plaintiff's request for damages must be limited accordingly.
18. Insofar as Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, unclean hands and laches, Plaintiff's claims must be dismissed.
19. Insofar as Plaintiff's alleged losses, damages, or injuries were proximately caused by Decedent, Plaintiff's claims should be dismissed.
20. Insofar as Plaintiff is not entitled to punitive damages, Plaintiff's claim must be dismissed.
21. CMHA cannot be held liable for punitive or exemplary damages under federal and state law.
22. Insofar as Plaintiff has failed to identify or obtain proper service against some of the Defendants, those Defendants not identified or served must be dismissed.
23. Insofar as CMHA PD is not *sui juris*, Plaintiff's Amended Complaint must be dismissed against Defendant CMHA PD.
24. Defendants reserve the right to amend this Answer to add additional affirmative defenses deemed applicable upon further discovery herein.

WHEREFORE, having fully answered, Defendants, pray that Plaintiff's Amended Complaint be judged according to the law and evidence, and that the same be dismissed with prejudice. Defendants further seek their attorneys' fees and costs incurred in having to defend this matter to the fullest extent permitted by law.

Respectfully submitted,

*/s/ Aretta K. Bernard*

Aretta K. Bernard (0039116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
P: 330.376.2700
F: 330.376.4577

*Attorneys for Defendants*

**JURY DEMAND**

Should there be a trial in this matter, Defendants request a trial by jury on all claims that are permitted to be tried to a jury.

*/s/ Aretta K. Bernard*
One of the Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on December 6, 2024. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David B. Malik
david@davidmaliklaw.com
31320 Solon Road, Unit #19
Solon, Ohio 44139

*/s/ Aretta K. Bernard*
One of the Attorneys for Defendants