IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY ROQUEMORE, Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased,<br><br>                              Plaintiff,<br><br>vs.<br><br>CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al.,<br><br>                              Defendants. | CASE NO.   1:24-CV-01434<br><br>JUDGE DONALD C. NUGENT<br><br>**MOTION TO STAY DISCOVERY PENDING RULING ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |

**I.      INTRODUCTION**

Now comes Defendant, Jeffery Patterson ("Mr. Patterson") and hereby moves to stay all written discovery issued to him by Plaintiff and on behalf of himself and the other named Defendants moves to stay any deposition requested by Plaintiff in this matter pending a ruling on Defendants' pending Motion for Partial Judgment on the Pleadings.[1] As set forth in further detail below, Mr. Patterson is making this request in light of the immunity arguments set forth in Defendants' Motion for Partial Judgment on the Pleadings and because Mr. Patterson is an apex executive-level employee who was not involved with the incident that occurred on September 5, 2022.

---

[1] The discovery deadline is currently September 1, 2025. As such, depending on the timing of this Court's ruling on the pending Motion for Partial Judgment on the Pleadings, Defendants reserve the right to request a new discovery deadline following this Court's ruling on Defendants' pending Motion for Partial Judgment on the Pleadings should that be necessary.

## II.     RELEVANT BACKGROUND

On September 24, 2024, Plaintiff filed an *Amended Complaint* alleging excessive force and failure to train and supervise in violation of 42 U.S.C. § 1983 (Count I); wrongful death (Count II); American with Disabilities Act violation (Count III); and negligence (Count IV). (Doc. #14).

On January 13, 2025, Defendants filed a Motion for Partial Judgment on the Pleadings requesting that this Court dismiss: (1) all claims alleged against CMHA PD; (2) all official capacity claims alleged against the individual Defendants; (3) Count I for violation of Section 1983 as to González, McDowell, Burdyshaw, Smiddy, and Patterson; (4) Count II for wrongful death as to CMHA, González, McDowell, Burdyshaw, Smiddy, and Patterson; (5) Count III for violation of the Americans with Disabilities Act as to all Defendants; and (6) Count IV for negligence as to all Defendants. (Doc. #32). Of significance, Defendants' Motion for Partial Judgment on the Pleadings, in part, requests that certain claims be dismissed based on qualified and statutory immunity.

Separately, the Parties have engaged in written discovery. Of relevance, Plaintiff has issued through counsel distinct Requests for Production of Documents on Defendants McDowell, Gonzalez, Burdyshaw and Smiddy. Plaintiff has also served distinct Interrogatories on Defendants Gonzalez, Ragland, Patterson, and Burdyshaw. To date, Defendants have timely responded to the Interrogatories directed to Defendant Gonzalez and Defendant Ragland and the Requests for Production of Documents directed to Defendant McDowell.[2] While no depositions have been scheduled, Plaintiff has requested dates for depositions even though Plaintiff has not responded to Defendants' written discovery requests as of the date of this Motion and it is not yet determined

---

[2] Subject to appropriate objections, Defendants Gonzalez and McDowell responded in good faith to these discovery requests in their official capacity only as though they had been served on the proper party.

2

whether any of the individual Defendants addressed in the pending Motion for Partial Judgment on the Pleadings will remain as parties in either their individual or official capacities. Accordingly, Defendants maintain that depositions should proceed after written discovery is completed and after this Court has ruled on the pending Motion for Partial Judgment on the Pleadings.

### III. LAW AND ARGUMENT

"Rule 26(c) permits a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *CrossCountry Mortg., Inc. v. Messina*, No. 1:19CV1021, 2019 WL 13195209, at *2 (N.D. Ohio Oct. 8, 2019); citing *Rothstein v. Steinberg*, 2008 WL 5716138 at * 3 (N.D. Ohio June 9, 2008) (citing Fed. R. Civ P. 26(c)). The Sixth Circuit has found that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Id.*, citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). See also *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003); *Bangas v. Potter*, 145 Fed. Appx. 139, 141 (6th Cir. 2005). "It is well established that a district court can stay a case where procedurally appropriate." *Groszkiewicz v. EK Real Est. Fund I, LLC*, No. 1:22-CV-65, 2022 WL 2803193, at *1 (N.D. Ohio July 18, 2022), citing *dlhBOWLES, Inc. v. Jiangsu Riying Electronics Co., Ltd.*, 2021 WL 6335001, at *2 (N.D. Ohio Dec. 10, 2021) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014)). "In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court." *Cross Country Mortg., Inc.*, 2019 WL 13195209, at *2, citing *Hubbell v. NCR Corporation*, 2018 WL 1638882 at * 1 (S.D. Ohio April 5, 2018).

Further, according to Sixth Circuit authority, "if the defendant files a motion to dismiss based on qualified immunity, the court must 'stay discovery until that issue is decided.'" *Connolly v. Dunlop*, N.D.Ohio No. 4:23CV1659, 2024 WL 4893903, *2, quoting *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Kennedy v. City of Cleveland*, 797 F.2d 297, 299 (6th Cir. 1986)). In *Connolly*, the court granted the defendants' Motion to Stay Discovery because they had filed a motion that was, in part, based on the defendant's assertion of qualified immunity. *Id.* at *1; see also *Ransaw v. Lucas*, N.D.Ohio No. 1:09-CV-2332, 2012 WL 1155205, *2 (staying discovery because the Supreme Court directs lower courts whenever possible to resolve without discovery cases in which defendants plead qualified immunity).

While it is true that a pending case-dispositive motion is typically insufficient to support a stay of discovery, this matter is unique because there are issues of qualified and statutory immunity raised in the pending Motion for Partial Judgement on the Pleadings. Aside from the issues of qualified and statutory immunity, Defendants' Motion, if granted in full or in part, would significantly narrow and simplify the issues to be addressed at deposition and conserve the financial resources of both Parties. Plaintiff will not be unduly prejudiced because this matter is in an early stage of litigation and, based on Plaintiff's counsel request, the discovery deadline in this matter is currently September 1, 2025.

Additionally, it should be noted that Mr. Patterson, as the Chief Executive Officer of CMHA, is the apex executive-level employee at CMHA who would otherwise be entitled to a protective order prohibiting his deposition in this matter pursuant to Rule 26(c) of the Federal

Rules of Civil Procedure and the apex doctrine.[3] *Elvis Presley Enterprises, Inc. v. City of Memphis, Tennessee*, 2020 WL 4015476, *11.

Based on the foregoing, there is good cause to stay written discovery as it relates to Defendant Patterson and all depositions in this matter pending a ruling on Defendants' Motion for Partial Judgment on the Pleadings.

### IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court stay all written discovery issued to Mr. Patterson and any deposition in this matter pending a ruling on Defendants' Motion for Partial Judgment on the Pleadings.

Respectfully submitted,

*/s/ Aretta K. Bernard*
Aretta K. Bernard (0039116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
P: 330.376.2700
F: 330.376.4577

*Attorneys for Defendants*

---

[3] Mr. Patterson reserves the right to file a separate Motion for Protective Order, should it be necessary.

22746943 _1 017442.0131

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on February 27, 2025. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David B. Malik
david@davidmaliklaw.com
31320 Solon Road, Unit #19
Solon, Ohio 44139

*/s/ Aretta K. Bernard*
One of the Attorneys for Defendants

22746943 _1 017442.0131