IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KIMBERLY ROQUEMORE, Individually
and as the Administratrix of the Estate of
Maalik Roquemore, Deceased,

                      Plaintiff,

vs.

CUYAHOGA METROPOLITAN
HOUSING AUTHORITY, et al.,

                      Defendants.

CASE NO.   1:24-CV-01434

JUDGE DONALD C. NUGENT

**REPLY BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR
PARTIAL JUDGMENT ON THE
PLEADINGS**

## I.      INTRODUCTION

Notwithstanding Plaintiff's conclusory "facts" and subjective opinions which wholly

mischaracterize the well-documented events of September 5, 2022, this Court should grant

Defendants' Motion for Partial Judgment on the Pleadings in its entirety as a matter of <u>law</u> for the

following salient reasons:

- Plaintiff conceded that CMHA PD is not *sui juris*. (Doc. #36, PageID #317, 320, 331). Thus, all claims alleged against CMHA PD must be dismissed as a matter of law.

- Plaintiff conceded that the official capacity claims alleged against the individual Defendants are duplicative of the claims alleged against CMHA. (Doc. #36, PageID #324). As such, all claims alleged against the individual Defendants in their official capacity must be dismissed as a matter of law.

- Plaintiff's Amended Complaint fails to allege that Defendants Gonzalez, McDowell, Burdyshaw, Smiddy or Patterson were personally involved in an unconstitutional act. As such, Plaintiff's Section 1983 individual liability (Count I) claim against them must be dismissed as a matter of law.

- CMHA is entitled to statutory immunity as set forth in R.C. § 2744.02(A)(1), regarding Plaintiff's state law claims for wrongful death (Count II) and negligence (Count IV). Plaintiff conceded that none of the exceptions set forth in R.C. § 2744.02(B) applied. (Doc. #36, PageID #325). Further, Plaintiff's reliance on R.C. § 2744.09(E) is misplaced given that Counts II and IV are state, not federal, law claims. As such Count II and Count IV alleged against CMHA must be dismissed as a matter of law.

- Plaintiff's conclusory allegations fail to meet the plausibility standard set forth in *Twombly* and *Iqbal*, as such, Defendants Gonzalez, McDowell, Burdyshaw, Smiddy, and Patterson are entitled to statutory immunity as set forth in R.C. § 2744.03(A)(6) regarding Plaintiff's state law claim for wrongful death (Count II).

- Plaintiff does not dispute, and therefore concedes, that the individual Defendants cannot be held liable for negligence and are statutorily immune pursuant to R.C. § 2744.03(A)(6). As such, Count IV alleged against the individual Defendants must be dismissed as a matter of law.

- It is undisputed that neither the United States Supreme Court nor the Sixth Circuit have applied Title II of the ADA in this context. Further, Plaintiff has not, and cannot, allege that any of the individual Defendants had any knowledge of Roquemore's alleged mental disability at the time of Officer Ragland's encounter with Roquemore. There is also no individual liability under the ADA. For these reasons, Count III of Plaintiff's Amended Complaint must be dismissed as a matter of law.

For these reasons, as well as those set forth in Defendants' Motion for Partial Judgment on the Pleadings, and as provided in further detail below, Defendants respectfully request that Defendants' Motion for Partial Judgment on the Pleadings be granted in its entirety.

## II.   LAW AND ARGUMENT

### A. Plaintiff's Section 1983 Claim Against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy, and Patterson In Their Individual Capacity Fails As A Matter of Law. (Count I).

As an initial matter, Plaintiff improperly appears to conflate Section 1983 municipal liability and Section 1983 individual liability. To be clear, the Sixth Circuit recently stated as follows:

2

> Section 1983 authorizes an individual to bring suit against state and local officials
> who deprive the individual of a federal right under color of state law. See 42 U.S.C.
> § 1983. In *Monell*, the Supreme Court extended § 1983 liability to municipalities
> when a government policy or custom causes the deprivation of a federal right. 436
> U.S. at 694, 98 S.Ct. 2018.

*Hall v. Navarre*, 118 F.4th 749, 756–57 (6th Cir. 2024). In that regard, Count I of Plaintiff's

Amended Complaint alleges a Section 1983 excessive force claim against Defendant Ragland and

a Section 1983 failure to train and supervise claim against CMHA and Defendants Gonzalez,

McDowell, Burdyshaw, Smiddy, and Patterson in both their official and personal capacities. (Doc.

#14). While Plaintiff's Brief in Opposition correctly acknowledges that Defendants' Motion for

Partial Judgment on the Pleadings does not seek judgment as a matter of law regarding Plaintiff's

alleged excessive force claim against Defendant Ragland, Plaintiff's Brief in Opposition wrongly

takes the position that Defendants sought judgment as a matter of law regarding Plaintiff's alleged

*Monell* claim against CMHA. Indeed, Defendants expressly reserved the right to do so on summary

judgment. (Doc. #32, PageID #290). Thus, Plaintiff's extensive, albeit factually and legally

incorrect, analysis regarding *Monell* liability as it relates to CMHA is irrelevant and should be

disregarded.[1] Further, given that Plaintiff has conceded that any official capacity claim alleged

---

[1] Plaintiff's Brief in Opposition, in part, relies on a July 8, 2022, Field Commander [sic] Evaluation of Officer Ragland #57 that Plaintiff referenced in his Amended Complaint, but did not include as an Exhibit. (Doc. #36, PageID #321-22). Plaintiff's Brief in Opposition notes that this document is the subject matter of a Motion to Supplement that Plaintiff also filed on February 11, 2025. (Doc. #35). Preliminarily, as set forth above, this document is irrelevant to Defendants' Motion for Partial Judgment on the Pleadings and is significantly mischaracterized and misconstrued by Plaintiff in an effort to establish *Monell* liability. Thus, while Defendants do not dispute the existence of this document or that it relates to Defendant Ragland's training and abilities, Plaintiff's Motion to Supplement attempts to circumvent Federal Rules of Civil Procedure 15 and 16 for seeking leave to amend a complaint after a scheduling order's deadline has passed and instead improperly relies on Federal Rule of Civil Procedure 15(d). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). To be clear, Federal Rule of Civil Procedure 15(d), however, applies only when the subject transaction, occurrence, or event happened after the date of the pleading to be supplemented. This is not the case here. That is, the July 8, 2022, Field Training Evaluation of Officer Ragland #57 was created before Plaintiff filed her Amended Complaint. Indeed, Plaintiff's

3

against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson is duplicative of any claim against CMHA, any such claim should be dismissed. (Doc. #36, PageID #324).

With regard to personal liability, Plaintiff misses the mark entirely by confusing the *Monell* failure to train/supervise standard applicable only to municipalities with Section 1983 individual liability claims. It is well-established that Section 1983 individual liability claims require "a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior." *Colbert v. Cuyahoga Cnty.*, Ohio, N.D.Ohio No. 1:23 CV 1414, 2024 WL 4289104, *4 (Judge Nugent). Plaintiff's Amended Complaint fails to do that. Instead, Plaintiff's Amended Complaint and Brief in Opposition focus exclusively on the sufficiency of Defendant Ragland's Field Training and/or Crisis Intervention Training, which is not an allegation that these Defendants were personally involved in an <u>unconstitutional</u> act.

Indeed, Plaintiff's Brief in Opposition highlights that Plaintiff's allegations are directed at supporting Plaintiff's *Monell* claim alleged against CMHA. In that regard, Plaintiff dedicates nearly seven pages of her Brief in Opposition addressing *Monell* liability, which in part touches on Defendant Gonzalez's, McDowell's, Burdyshaw's, Smiddy's, and Patterson's alleged role in CMHA's alleged failure to train/supervise Defendant Ragland. Yet, Plaintiff's Brief in Opposition argues that these Defendants are personally liable using less than one page of text and by simply concluding that "[e]ach individual Defendant is sufficiently alleged in the First Amended Complaint to have taken such action." Plaintiff's sparse, conclusory analysis, like Plaintiff's Amended Complaint, is wildly insufficient to establish an individual liability. *Ashcroft v. Iqbal*,

---

Brief in Opposition further conceded that Plaintiff had a copy of the document pre-suit. Plaintiff's Motion to Supplement, thus, is inappropriate, and should be dismissed. Defendants have contemporaneously filed a Brief in Opposition to Plaintiff's Motion to Supplement.

22772638 _1 017442.0131

556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

For these reasons, Plaintiff's individual liability claim against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy, and Patterson must be dismissed as a matter of law.

**B. CMHA Is Entitled to Statutory Immunity Regarding Plaintiff's Wrongful Death (Count II) and Negligence (Count IV) Claims.**

As an initial matter, Plaintiff conceded that CMHA is entitled to statutory immunity pursuant to R.C. § 2744.02(A)(1) and that none of the exceptions set forth in R.C. § 2744.02(B) apply to this broad grant of immunity. (Doc. #36, PageID #325). Instead, Plaintiff wrongly argues that R.C. § 2744.09(E) is applicable to Plaintiff's state law wrongful death and negligence claims. It is not. R.C. § 2744.09(E), provides an exception to immunity regarding, "[c]ivil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions."

To be clear, it is well-settled that the relevant basis for immunity is the nature of the claim alleged against the political subdivision. *Horen v. Bd. of Educ. of City of Toledo Pub. School Dist.*, N.D.Ohio No. 3:12CV00187, 2012 WL 3808902, *4. Indeed, "[a] tangential allegation of a subdivision's violation of federal law does not make a state law claim federal…." *Id.* (finding R.C. § 2744.09(E) inapplicable and the defendant immune from the plaintiff's state law claims); see also, *Puskas v. Delaware Cnty., Ohio*, S.D.Ohio No. 2:19-CV-2385, 2021 WL 1575285, *5 (finding that the plaintiff failed to cite to any authority for the proposition that Ohio's statutory immunity cannot defeat state law claims in a complaint that also asserts federal claims, and further stating that it could not find any reason to adopt that position).

22772638 _1 017442.0131

Plaintiff's Brief in Opposition fails to argue how or why this exception would be applicable to this matter. Instead, Plaintiff cites to a single case, *Englewood v. Turner*, 2nd Dist. No. 22270, 178 Ohio App.3d 179, 2008-Ohio-4637, 897 N.E.2d 213, which is distinguishable. *Englewood* involved a property wrongful demolition action, wherein the court found that R.C. § 2744.09(E) was applicable to an unlawful taking/due process claim. *Id.* at ¶ 34. Unlike, *Englewood*, here, CMHA seeks immunity from Plaintiff's alleged wrongful death and negligence claims, which sound firmly in state not federal law. Put simply, R.C. § 2744.09(E) is inapplicable to these state law claims and CMHA's entitlement to immunity.

For these reasons, CMHA is entitled to statutory immunity pursuant to R.C. § 2744.02(A)(1) regarding Plaintiff's wrongful death (Count II) and negligence (Count IV) claims.

### C. Defendants Gonzalez, McDowell, Burdyshaw, Smiddy, and Patterson Are Entitled to Statutory Immunity Regarding Plaintiff's Wrongful Death Claim. (Count II).

While Plaintiff suggests that the question of whether a political subdivision or employee acted with malice, bad faith, or in a wanton or reckless manner is generally a question of fact, courts in the Sixth Circuit routinely resolve this issue as a matter of law. *Diver v. Dobson*, N.D.Ohio No. 3:12 CV 957, 2014 WL 1369671, *7; *Surface v. Conklin*, S.D.Ohio No. 1:15-CV-40, 2015 WL 2406075, *6; *Kelly v. Sines*, 647 Fed.Appx. 572, 578 *(6th Cir. 2016).

Here, the allegations Plaintiff relies on are entirely conclusory and lack any facts to infer either wanton or reckless conduct. Indeed, none of the Paragraphs cited in Plaintiff's Brief in Opposition allege that Defendants Gonzalez, McDowell, Burdyshaw, Smiddy, and Patterson acted in a wanton or reckless manner. Indeed, a majority of these Paragraphs are unrelated to Defendants Gonzalez, McDowell, Burdyshaw, Smiddy, and Patterson. Moreover, it is undisputed that these Defendants were not present during the incident on September 5, 2022. For these reasons, Count

22772638 _1 017442.0131

II for wrongful death alleged against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson must be dismissed as a matter of law.

**D.  The Individual Defendants Are Entitled to Statutory Immunity Regarding Plaintiff's Negligence Claim.  (Count IV).**

Plaintiff did not dispute, and therefore conceded, that the individual Defendants cannot be held liable for negligence and are statutorily immune pursuant to R.C. § 2744.03(A)(6). See, *Mun. Services of America Corp v. Sak*, N.D.Ohio No. 1:22-CV-2037, 2023 WL 6958639, *7 ("When a party fails to respond to an argument in a motion to dismiss, the Court assumes that the party has conceded that point and abandoned the claim.").

In that regard, Plaintiff's Brief in Opposition entirely ignores the well-settled law cited in Defendants' Motion that employees of political subdivisions cannot be held personally liable for mere negligence. (Doc. #32, PageID #302). Instead, Plaintiff misleadingly addresses Plaintiff's wrongful death and negligence claims alleged against Defendants together and without distinction. (Doc. #36, PageID #325). In doing so, however, Plaintiff purportedly defines "wanton" and "reckless" which is fatal to Plaintiff's negligence claim given that by Plaintiff's own definition "wanton" and "reckless" require some level of intent and are separately defined from negligence. For example, Plaintiff defined reckless conduct as "substantially greater than negligent conduct." Again, Plaintiff cannot have it both ways.

For these reasons, Count IV for negligence alleged against the individual Defendants must be dismissed as a matter of law.

**E.  Plaintiff's Americans with Disabilities Act Claim Fails As A Matter of Law. (Count III).**

As an initial matter, Plaintiff does not dispute that neither the United States Supreme Court nor the Sixth Circuit have addressed whether the Americans with Disabilities Act ("ADA") applies in the context of interactions with law enforcement. Plaintiff also fails to address in any way the

22772638 _1 017442.0131

Sixth Circuit case authority set forth in Defendants' Motion for Partial Judgment on the Pleadings regarding these issues.

Instead, Plaintiff relies on non-binding case authority which in many instances either concludes that the ADA is inapplicable or does not address the ADA at all. For example, in *Hainze*, the Fifth Circuit[2] found that the officer's use of excessive and deadly force to restrain a mentally disabled individual who assaulted him with deadly weapon was not actionable under ADA as a denial of benefits and protections of the county's mental health training provided to its deputies; rather, the court found that the disabled individual's assault of the officer denied him the benefits of that program. *Hainze v. Richards*, 207 F.3d 795, 801 (5th Cir.2000). Further the Fifth Circuit found that Title II of the ADA prohibiting discrimination on basis of disability by public entities and requiring reasonable accommodation of disabled person's limitations does not apply to an officer's on-the-street responses to reported disturbances or other similar incidents, whether or not those calls involve subjects with mental disabilities, prior to officer's securing the scene and ensuring that there is no threat to human life. *Id.*  Indeed, the Southern District of Ohio recently agreed with the rationale in *Hainze* and found that the ADA did not apply and did not require the officers to accommodate the individual's disability because there was a public safety concern. *Booth v. Lazzara*, S.D.Ohio No. 3:22-CV-197, 2024 WL 4363213, *13.

Plaintiff's Brief in Opposition also relies on case authority that does not analyze an ADA claim, but rather excessive force claims generally. (Doc. #36, PageID #328-29); See, *Clem v. Corbeau*, 284 F.3d 543 (4th Cir. 2002); see also, *Estate of Armstrong ex rel. Armstrong v. Village*

---

[2] Plaintiff's citation indicates that this case was decided by the Southern District of New York in 2015, which is inaccurate.

22772638 _1 017442.0131

*of Pinehurst*, 810 F.3d 892 (4th Cir. 2016). These cases are not only non-binding, but they are also irrelevant to whether Plaintiff can state a claim pursuant to the ADA.

Additionally, Plaintiff's reliance on the non-binding cases of *Williams v. City of New York,* 121 F.Supp.3d 354, 368 (S.D.N.Y. 2015) and *Short v. City of Rochester*, 2022 WL 17990106, *5, (W.D.N.Y. 2022) are also distinguishable even if they were applicable which they are not. In *Williams*, while it is true that the Southern District of New York found the ADA to be applicable, the court further found that any threatening or exigent circumstances should be considered when determining the reasonableness of the proposed accommodation. *Williams v. City of New York*, 121 F.Supp.3d 354, 368 (S.D.N.Y. 2015).[3] Further, unlike in *Short v. City of Rochester, 2022 WL 17990106, *5*, (W.D.N.Y. 2022), there are no allegations to suggest that Officer Ragland or any other Defendants, had any knowledge of Roquemore's identity or any alleged disability at the time he flagged down Officer Ragland on September 5, 2022. Indeed, Plaintiff's Amended Complaint fails to make any allegation that any Defendant knew the identity or alleged disability of Roquemore at the time of these events. While Plaintiff references that Officer Ragland used the word "mental" after Roquemore assaulted and battered him before he even fully exited his cruiser, this reference post encounter with Roquemore does not establish that Roquemore had a disability known to Officer Ragland *prior to* Roquemore's sudden and unprovoked beating of Officer Ragland.

Finally, while Plaintiff asserts that the individual Defendants can be held liable under the ADA, Plaintiff has failed to set forth any case authority stating that an individual can be personally

---

[3] Plaintiff appears to make much of the fact that Roquemore was not arrested. Plaintiff's interpretation of Title II of the ADA in the arrest context is too narrow. More broadly courts have considered whether Title II of the ADA applies generally to interactions between law enforcement and disabled individuals.

liable pursuant to the ADA. For these reasons, Plaintiff's ADA claim alleged against Defendants must be dismissed as a matter of law.

### III.    CONCLUSION

For these reasons, as well as those set forth in Defendants' Motion for Partial Judgment on the Pleadings, Defendants respectfully request that Defendants' Motion for Partial Judgment on the Pleadings be granted in its entirety and that the Court dismiss the foregoing claims as a matter of law: (1) all claims alleged against CMHA PD; (2) all official capacity claims alleged against the individual Defendants; (3) Count I for violation of Section 1983 as to González, McDowell, Burdyshaw, Smiddy, and Patterson; (4) Count II for wrongful death as to CMHA, González, McDowell, Burdyshaw, Smiddy, and Patterson; (5) Count III for violation of the Americans with Disabilities Act as to all Defendants; and (6) Count IV for negligence as to all Defendants.

Respectfully submitted,

*/s/ Aretta K. Bernard*
Aretta K. Bernard (0039116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
P: 330.376.2700
F: 330.376.4577

*Attorneys for Defendants*

10

22772638 _1 017442.0131

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was filed electronically on March 4, 2025.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David B. Malik
david@davidmaliklaw.com
31320 Solon Road, Unit #19
Solon, Ohio  44139


/s/ Aretta K. Bernard
One of the Attorneys for Defendants

11

22772638 _1 017442.0131