IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY ROQUEMORE, Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased,<br><br>                                      Plaintiff,<br><br>vs.<br><br>CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al.,<br><br>                                      Defendants. | CASE NO.   1:24-CV-01434<br><br>JUDGE DONALD C. NUGENT<br><br>**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT FIRST AMENDED COMPLAINT** |

## I.      INTRODUCTION

Plaintiff's eleventh-hour Motion for Leave to supplement her First Amended Complaint is an untimely, futile attempt to amend her First Amended Complaint which is unsupported by law or fact. Specifically, as explained in further detail below, Plaintiff's Motion fails to satisfy the applicable requirements set forth in Federal Rules of Civil Procedure 15 and 16. As such, Plaintiff's Motion should be denied.

## II.     PROCEDURAL BACKGROUND

On August 22, 2024, Plaintiff filed her initial Complaint in this matter. (Doc. #1). On September 24, 2024, Plaintiff filed her First Amended Complaint alleging the following claims: excessive force and failure to train and supervise in violation of 42 U.S.C. § 1983 (Count I); wrongful death (Count II); Americans with Disabilities Act violation (Count III); and negligence (Count IV). (Doc. #14). On November 19, 2024, the parties submitted their Report of Parties'

Planning Meeting, which, in part, confirmed December 6, 2024, as the cut-off date for amending the pleadings and/or adding additional parties. (Doc. #25). Defendants filed a Motion for Partial Judgment on the Pleadings on January 13, 2025 (Doc. #32). On February 11, 2025, Plaintiff filed her Brief in Opposition to Defendants' Motion for Partial Judgment on the Pleadings (Doc. #36) and filed a Motion for Leave to Supplement First Amended Complaint (Doc. #35). For the reasons set forth in further detail below, Plaintiff's Motion for Leave should be denied.

### III. LAW AND ARGUMENT

Seeking leave to amend a complaint after a scheduling order's deadline has passed implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Rule 15 provides that "[t]he court should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16 requires the district court to enter a scheduling order that includes a deadline for amending pleadings and provides that a court can modify its scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(3)(A) & (4). Interpreting the interplay between these two Rules, the Sixth Circuit has held that, notwithstanding Rule 15's directive freely to give leave to amend, a party seeking leave to amend after the scheduling order's deadline must first meet Rule 16's good-cause standard in order for the district court to amend the scheduling order. See *Leary*, 349 F.3d at 909; *Armatas v. Haws*, 2021 WL 5356028 at * 3 (6th Cir. 2021); *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 Fed. Appx. 364, 367 (6th Cir. 2016). See also *Satterwhite v. Ashtabula County Metroparks*, 514 F.Supp.3d 1014, 1021 (N.D. Ohio 2021) ("When the scheduling order deadline to amend without leave has passed, a plaintiff must first demonstrate good cause under Fed. R. Civ. P. 16(b) for failing to abide by the scheduling order deadline before the court will consider whether amendment is proper under Fed. R. Civ. P. 15(a).")

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). See also *Leary*, 349 F.3d at 907. Possible prejudice to the party opposing modification is another relevant consideration in the good cause analysis. *Inge*, 281 F.3d at 625. See also *Leary*, 349 F.3d at 909; *Carrizo (Utica) LLC.*, 661 Fed. Appx. at 368; *Satterwhite*, 514 F.Supp.3d at 1021-1022. "Notably, the moving party must meet a 'higher threshold' in showing good cause under Rule 16 than it would under Rule 15." *Armatas*, 2021 WL 5356028 at * 3 (citing *Shane v. Bunzl Distrib. USA, Inc.*, 275 Fed. Appx 535, 536 (6th Cir. 2008)).

If good cause is shown under Rule 16, the court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. As noted above, under Rule 15(a)(2), a district court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Here, Plaintiff has failed to analyze the applicable standards for seeking leave pursuant to Rule 15 and Rule 16. Instead, Plaintiff improperly relies on Rule 15(d). However, Rule 15(d) applies only when the subject transaction, occurrence, or event happened after the date of the pleading to be supplemented. That is not the case here. That is, the July 8, 2022, Field Training Evaluation of Officer Ragland #57 Plaintiff belatedly seeks to include as an Exhibit was created before Plaintiff filed her Amended Complaint. Indeed, Plaintiff's Brief in Opposition to

Defendants' Motion for Partial Judgment on the Pleadings further conceded that Plaintiff had a copy of the document pre-suit. (Doc. #36).

Further, it is not disputed that Plaintiff is only attempting to include this document in response to Defendants' Motion for Partial Judgment on the Pleadings in an effort to establish *Monell* liability – which is not a claim Defendants are seeking judgment on at this time. Further, Plaintiff had knowledge of this document prior to filing her Complaint in this matter. For these additional reasons, Plaintiff cannot satisfy the requirements set forth in Rule 15 or Rule 16. As such, Plaintiff's Motion should be denied.

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to Supplment First Amended Complaint.

Respectfully submitted,

*/s/ Aretta K. Bernard*
Aretta K. Bernard (0039116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
P: 330.376.2700
F: 330.376.4577

*Attorneys for Defendants*

22772663 _1 017442.0131

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on March 4, 2025.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

    David B. Malik
    david@davidmaliklaw.com
    31320 Solon Road, Unit #19
    Solon, Ohio  44139

                                            */s/ Aretta K. Bernard*
                                            One of the Attorneys for Defendants

22772663 _1 017442.0131