IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY ROQUEMORE, Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased, | ) ) ) ) | CASE NO. 1:24-CV-01434 JUDGE DONALD C. NUGENT |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | |
| CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al., | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION DISPUTING A MATERIALLY INACCURATE STATEMENT IN THE GOVERNMENTS (CMHA) MOTION TO STAY**

Now comes the Plaintiff, Kimberly Roquemore ("Plaintiff"), and hereby moves this Court to allow clarification of a materially inaccurate purported factual statement in the Defendant's Motion To Stay Discovery Pending Ruling On Motion For Partial Summary Judgement (ECF #39). This Brief In Opposition for purposes of clarification does not challenge the Court's Marginal Entry (ECF #40) related to the government's motion, but it does challenge the governmental Defendants' material misrepresentation because of the potential that the misrepresentation will mislead the Court in its understanding when ultimately ruling on the Motion For Partial Judgment On The Pleadings.

In the INTRODUCTION to ECF #39 Defendant's state that CMHA CEO and Safety Director Jeffrey Patterson "…was not involved with the incident that occurred on September 5, 2022". This is a material inaccuracy for the following reasons: In Paragraph 41 of Plaintiff's First Amended Complaint (ECF #14), Plaintiff alleged that Jeffrey Patterson ("CEO Patterson) is the

Chief Executive Officer and Safety Director for CMHA. CEO Patterson is a "person" under 42 USC 1983 and was at all times herein acting under "color of law".

In Defendant's Answer to Plaintiff's First Amended Complaint (ECF #16) Defendant government answered at paragraph 41 that "With regard to the allegations contained in paragraph 41 of Plaintiff's Amended Complaint, Defendants admit that Jeffery Patterson is a person and the Chief Executive Officer and Safety Director for CMHA".

The U.S. Department of Housing and Urban Development official notice, **NOTICE PIH 95-58 (PHA)** (Plaintiffs Brief In Opp. Exhibit 1) has since 1995 suggested *inter alia*, a course of action for Public Housing Directors, in the employment position of Defendant Jeffrey Patterson. The document is entitled *Guidelines for Creating, Implementing and Managing Public Housing Authority Police Departments in Public Housing Authorities.* Section 4. Guidance, A-K of that document, directly and specifically defines the responsibilities of Public Housing Agencies and *"Public Housing Directors"* which now, thirty years later, still applies to CMHA, and CEO/Safety Director Jeffrey Patterson.

Defendant's material misrepresentation that CEO and Safety Director Jeffrey Patterson "…was not involved with the incident that occurred on September 5, 2022" is a patent misstatement of fact by virtue of the textual content of **NOTICE PIH 95-58 (PHA),** *Guidelines for Creating, Implementing and Managing Public Housing Authority Police Departments* which is directly applicable to Defendant Jeffrey Patterson's employment position as CMHA CEO/Safety Director.  By virtue of Exhibit 1 and the corroborating exhibits herein, Defendant Patterson is deemed officially and personally responsible as a final policymaker and as the Safety Director of all CMHA safety rules, regulations, policies and procedures applicable to the actions of Officer Desmond Ragland.

Similarly, the governmental Defendants misrepresentation that CEO/Safety Director Jeffrey Patterson "…was not involved with the incident that occurred on September 5, 2022" is patently misleading by virtue of CMHA's own Policy & Procedure Manual, Chapter 1.1, *ORGANIZATION*. The substance of this section as written by CMHA is its content on "Police Department Organizational Structure" which specifically denotes via its own organizational chart that the Chief Executive Officer/Safety Director, in this case Jeffrey Patterson, by virtue of his premier position at the top of the chart, is the ultimate supervisory authority over police department and officer conduct. (Plaintiffs Brief In Opp. Exhibit 2) Further, this organizational chart strongly suggests that CEO/Safety Director Patterson is a final policymaker and supervisory authority with respect to overall operations of the police department and the field training of officers.

Additionally, Defendant's misrepresentation that CEO and Safety Director Jeffrey Patterson "…was not involved with the incident that occurred on September 5, 2022" is a material misstatement by virtue of the *FIRST AMENDMENT TO POLICE-AUTHORIZING AGREEMENT NO. 64238[1] BETWEEN THE CITY OF CLEVELAND AND THE CUYAHOGA METROPOLITAN HOUSING AUTHORITY* dated November 30, 2018. The Agreement is signed by the supervisor and final policymaker CEO/Safety Director Jeffrey Patterson. (Plaintiffs Brief In Opp. Exhibits 4)

**CONCLUSION**

Plaintiff challenges the inaccuracy of Defendants representation that Jeffrey Patterson "…was not involved with the incident that occurred on September 5, 2022" for the reasons stated herein. While obviously not at the scene of the death of Maalik Roquemore, CEO/Safety Director Jeffrey Patterson was one of the governmental individuals intimately, officially and personally

---

[1] Agreement No. 64328 has since been merged into and translated into General Police Order, Cleveland Division Of Police,1.3.22. (Plaintiffs Brief In Opp. Exhibit 3),

3

involved in the overall management of CMHA's police department; the development, approval and enforcement of the entirety of CMHA policies and procedures; the CMHA police department negotiated Agreements with the City of Cleveland and the day to day operations of the CMHA governmental police entity. CEO/Safety Director Jeffrey Patterson's was thus, by virtue of his close linkage and nexus to the police department as CEO/Safety Director, which was far from a remote relationship, involvement in the CMHA police department operations via his demonstrated role as an organizational supervising authority, his legal contractual authority role and organizational decision maker role, his management responsibilities and his final policymaking authority. These tasks strongly suggest that this governmental Defendant was involved with the incident that occurred on September 5, 2022 involving Maalik Roquemore.

        Respectfully submitted,
        /s/ *David B. Malik*
        David B. Malik (23763)
        **ATTORNEY AT LAW**
        Solon Business Campus
        31300 Solon Road – Unit #19
        Solon, Ohio 44139
        P: 216.570.3898
        E: david@davidmaliklaw.com
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 3, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                /s/ *David B. Malik*
                                                David B. Malik (23763)