# EXHIBIT 4

# FIRST AMENDMENT
# TO POLICE-AUTHORIZING AGREEMENT NO. 64238
# BETWEEN
# THE CITY OF CLEVELAND AND
# THE CUYAHOGA METROPOLITAN HOUSING AUTHORITY

**THIS FIRST AMENDMENT TO AGREEMENT NO. 64238** ("First Amendment") is entered into this 30th day of November, 2018, ("Effective Date"), by and between the City of Cleveland ("City"), and the Cuyahoga Metropolitan Housing Authority ("CMHA"), pursuant to the requisite authority and through their authorized representatives.

**WHEREAS**, the parties entered into Agreement No. 64238, on April 14, 2005, ("the Agreement").

**WHEREAS**, the City no longer operates jail facilities necessitating changes to provisions of Agreement No. 64238, and other provisions are necessary to confirm areas of police jurisdiction, and address officer and dispatcher training, agency policies, and complaint handling.

**WHEREAS**, for the public purpose of promoting the public good in the City of Cleveland and to further the mutual goals of constitutional and effective policing, the parties agree to enter into a First Amendment as set forth below.

**THEREFORE**, the parties agree as follows:

**ARTICLE I.     SCOPE OF FIRST AMENDMENT**

This First Amendment does not modify or change in any manner any term or condition not expressly addressed by this First Amendment. All terms and conditions of Agreement No. 64238 shall remain in full force and effect unless changed or modified by this First Amendment.

**ARTICLE II.     TERM**

A. Commencing on December 1, 2018, the term of Agreement No. 64238 shall be for a four (4) year period, that is, from December 1, 2018, until its expiration on December 1, 2022. However, either party may terminate Agreement No. 64238, with or without cause, at any time by giving the other party written notice of such termination at least thirty (30) days prior to such termination.

B. No later than sixty (60) days prior to the expiration of the term, CMHA shall notify the City's Chief of Police in writing that CMHA requests an extension to the term of the Agreement. Failure of CMHA to request to renew the Agreement through written amendment to the Agreement or through a new written agreement with the City, prior

to the expiration date of the term shall require CMHA Police ("CMHAPD") to immediately cease and desist exercising any police authority obtained from the Agreement.

**ARTICLE III.  CMHAPD GEOGRAPHICAL AREA OF JURISDICTION; AUTHORIZED CMHAPD OFFICERS**

    A.    The geographical territory and CMHA-owned properties in the City of Cleveland within or upon which CMHAPD are authorized to provide police services concurrently with Cleveland Police ("CDP"), and as may be limited in the Agreement, are attached hereto and expressly incorporated herein as Exhibit A and includes a list of applicable CMHA properties, jurisdiction boundary descriptions, and marked maps. Exhibit A shall supersede any prior geographical area of jurisdiction descriptions in Agreement No. 64238.

    B.    Attached hereto and expressly incorporated herein as Exhibit B are the names, ranks, and badge numbers of CMHAPD officers that are appointed and authorized to carry out powers and duties of police officers under the Agreement. During the term of the Agreement CMHA shall update Exhibit B when changes occur in the preceding month by giving written notice to the City's Chief of Police with a copy to the City's Chief Assistant Prosecutor.

**ARTICLE IV. PROTOCOLS AND POLICY IMPLEMENTATION**

    A.    Not later than January 1, 2020, CMHAPD shall adopt and implement CDP's use of force and pursuit policies; however, where CMHAPD's policies provide greater limitations on its Members governing the use of force and pursuits than CDP's policies, CMHAPD's policies will remain in effect. CDP's policies are attached hereto and expressly incorporated herein as Exhibit C for reference purposes.

    B.    CDP shall give CMHAPD notice of any amendments to the attached policies, which amendments CMHAPD shall also adopt and implement within forty-five (45) days of such notice however, where CMHAPD's policies provide greater limitations on its Members governing the use of force and pursuits than CDP's policies, CMHAPD's policies will remain in effect.

    C.    The Protocols attached and expressly incorporated herein as Exhibit D, shall, except as otherwise provided in this First Amendment, govern the interactions between the CDP and the CMHAPD. However, should provisions of Exhibit D conflict or be inconsistent with the provisions of this Amendment; the provisions of this Amendment shall prevail. CDP and CMHAPD may jointly update Exhibit D, by prior written agreement by their respective Police Chiefs during the term of the Agreement and shall provide a written copy of such update to the other agency's Chief of Police, which update shall supersede the attached Exhibit D.

**ARTICLE V.     CMHAPD PRISONERS**

A.  CMHA acknowledges and agrees that the City no longer owns, leases, or operates any jail or other detention facilities and that the City will not accept any CMHAPD prisoners for booking and/or incarceration and will not provide any other prisoner services for CMHAPD.

B.  CMHA acknowledges and agrees that City has entered into an agreement, No. 2017-251, with the Cuyahoga County Sheriff's Department, ("County"), for jail services for "City Prisoners" as defined therein, which definition specifically excludes any prisoners taken into custody by other police agencies, including CMHAPD.

C. The parties agree that commencing December 1, 2018, the City will be responsible to the County for CMHAPD prisoners' per diem costs assessed by the County under Agreement No. 2017-251 between the City and County for City Prisoners with the following exceptions:

(1) The City will not pay the County or any other entity for CMHAPD prisoners arrested pursuant to state or federal laws;

(2) The City will only be responsible to the County for CMHAPD prisoner per diem amounts assessed under its Jail Transfer Agreement with the County to the extent provided under this Amendment; and,

(3) CMHAPD shall not ask the County to accept pre-trial or other detainees upon the sole charge of a fourth degree misdemeanor under the Cleveland Codified Ordinances and the City will not pay any pre-trial prisoner costs for those persons.  Upon presentment of an invoice by City, CMHA shall promptly reimburse the City for any costs the City pays the County for such prisoners if the County accepted them.

D. Any CMHAPD prisoner costs City is responsible for under this First Amendment shall be payable only to the County pursuant to Agreement No. 2017-251 and/or other separate written agreement between the City and the County, and with legislative authority if needed.  No payments or reimbursement shall be made by City to CMHA.

E. CMHAPD shall take an active and on-going role in expediting and/or reducing the incarceration time of CMHAPD prisoners the County accepts.  This includes, but is not limited to, abiding by the Cleveland Municipal Court's goal of holding uncharged felony detainees for no longer than 36 hours and uncharged misdemeanor detainees for no longer than 24 hours.  Solely where CMHAPD is responsible for CMHAPD prisoners not charged within 36hours, CMHA, upon presentment of an invoice by City, shall promptly reimburse City for the cost of the additional jail time at the rate provided in the agreement by and between the City and the Cuyahoga County Sheriff's Department.

(1) The CMHAPD shall notify the County's Director of Jail Operations or his/her designee ("CCCC Director"), in writing (including, but not limited to, via email), of a determination not to charge, or to withdraw or dismiss charges against, any individual

3

previously accepted by the County as an CMHAPD Prisoner, and shall specifically instruct the CCCC Director to release said individual.

    F. For CMHAPD prisoners taken into custody by CMHAPD pursuant to warrants issued by the Cleveland Municipal Court, and who require hospitalization or other healthcare prior to transport to the County for detention:

    1. CMHAPD shall provide the initial transport to the hospital/health care providers and continue to guard such prisoners for up to eight (8) hours of the initial duration of treatment or care given the prisoner, or such longer period not to exceed an additional eight (8) hour shift as CDP's Chief of Police may reasonably require. Notwithstanding this provision, CMHAPD's ability to maintain guard for the additional period is limited to staffing and operational need, each within its sole discretion. In every case, it will endeavor to make a smooth transition of guard duties to CDP.

    2. If CMHAPD's guard of a prisoner arrested under this clause shall exceed eight (8) hours duration, CMHAPD shall contact the CDP to determine if a longer guarding period not to exceed an additional eight (8) hour shift, is required of CMHAPD and, if not, to arrange for CDP to take over the guard duties for the remaining duration of the prisoner's treatment or care. Subject to F. 1. of this Agreement, CMHAPD shall continue to guard such prisoners until relieved of duty by CDP and shall endeavor to make a smooth transition of guard duties to CDP.

    3. Except as is otherwise expressly provided in this Amendment, City shall not be responsible for any costs for CMHAPD prisoners, including, but not limited to, any costs for medical care and/or hospitalization of CMHAPD prisoners prior to acceptance by County.

**ARTICLE VI.**     **TRAINING**

    A. CMHA agrees that, at minimum, it will provide to its officers and their supervisors, and CMHAPD call-takers and dispatchers and their supervisors, the same or comparable training related to use of force, crisis intervention, bias-free policing, community policing, investigatory stops, and searches and arrests, which the CDP provides to its personnel. CDP's policies and procedures [General Police Orders ("G.P.O.s")] for these areas of training are in Exhibit C, attached hereto.

    1. Within sixty (60) days of the Effective Date of this First Amendment, CMHAPD shall obtain from CDP a list of applicable CDP training that is scheduled or will be scheduled in 2019 by CDP, and such other information as CMHAPD may reasonably need to provide the same or comparable training to its personnel. The CDP training list for 2019 will be updated by CDP when necessary. CMHAPD will provide the same or comparable training within a reasonable time within the applicable year.

    2. Prior to January 1 of each subsequent year, CMHAPD shall obtain from CDP applicable anticipated training for the year and will provide such training for its applicable personnel within a reasonable time.

4

3.      Upon request by CDP's Chief, CMHAPD will provide CDP with information about the type of training provided by CMHAPD and confirmation of completion of training by applicable CMHAPD personnel. CDP's Chief may determine in his sole discretion that CMHAPD's required training is not the same or comparable to CDP's, and shall notify CMHAPD's Chief in writing of the non-compliance. CMHAPD shall promptly remedy its lack of compliance and shall notify CDP's Chief of the remedy. CMHAPD shall promptly provide CDP's Chief with any supporting information he may reasonably request.

B.      CMHAPD officers shall to the extent possible participate in annual joint training and other joint initiatives at the request of CDP's Chief of Police.

C.      Each party is solely responsible for its own training-related costs and expenses for its personnel. Upon request by CMHAPD, CDP may allow CMHAPD personnel to attend applicable training provided by CDP for its own personnel, but CMHA shall be solely responsible for any applicable personnel costs or expenses of its own Members, if any.

## ARTICLE VII.    CIVILIAN ADVISORY BOARD

A. Not later than September 1, 2019, CMHA shall establish a Civilian Advisory Board ("the Board") made up of non-CMHAPD persons and the Board shall be responsible for reviewing, investigating, hearing, and making findings regarding all civilian complaints about CMHAPD's policies and practices and the conduct of the Authority's officers and call takers/dispatchers. The Board shall determine if a complaint warrants no action, or if disciplinary action against any of the officers and/or call takers/dispatchers is warranted and provide its determination to the Chief of Police. Where warranted, CMHA shall take appropriate disciplinary action in response to Board findings and shall provide timely written notification to the complaining party of the Board's determinations and any action taken or if no action was deemed warranted.

B. Upon request of the City's Chief of Police, CMHAPD shall promptly provide any information the Chief may reasonably ask for in order to review the existence and operations of the Board.

## ARTICLE VIII.    NO THIRD-PARTY BENEFICIARIES

No provision in this Agreement is intended for nor shall create any rights in any third party.

## ARTICLE IX.    EXHIBITS

The following documents are attached to this First Amendment and are expressly incorporated herein:
    Exhibit A:  Geographical Area and Locations

5

Exhibit B: CMHAPD Officer Identifications
Exhibit C: CDP GPOs
Exhibit D: Protocols Governing Interaction Between CDP and CMHAPD

**IN WITNESS WHEREOF**, the parties have caused this First Amendment to be executed by their authorized representatives.

**CITY OF CLEVELAND**

By: _____
Michael McGrath, Director
Department of Public Safety

By: _____
Calvin Williams, Chief
Division of Police

**CUYAHOGA METROPOLITAN HOUSING AUTHORITY**

By: _____
Jeffery K. Patterson
Chief Executive Officer

By: _____
Andres Gonzalez, Chief
of Police

The legal form and correctness
of this instrument is approved.
CITY OF CLEVELAND
Barbara Langhenry, Director of Law

By: _____
Nancy Kelly, Assistant Director of Law
Date: 11/30/18

CMHA General Counsel

By: _____
Date: _____

6



ALL SWORN OFFICERS                          11/9/2018

| NAME | POSITION | BADGE # |
|---|---|---|
| ABDUL-ALI, HARUN | POLICE OFFICER | 60 |
| ALI, SALEEM | POLICE OFFICER | 31 |
| ALLEN, RYAN | POLICE OFFICER | 9 |
| ASSAF, JAY | SERGEANT | 642 |
| BEICHLER, DAREN | POLICE OFFICER | 54 |
| BRADLEY, SEAN | POLICE OFFICER | 37 |
| BURDYSHAW, THOMAS | ADMIN COMMANDER | 603 |
| BURGOS, JACKELYN | SERGEANT | 634 |
| CADDELL, GLEN | POLICE OFFICER | 53 |
| CHAPMAN, WILLIAM | POLICE OFFICER | 14 |
| CRAWFORD, MICHAEL | POLICE OFFICER | 29 |
| DREW, GREGORY | LIEUTENANT | 638 |
| DREW, SCOTT | SERGEANT | 646 |
| FATTAH, RAJA | POLICE OFFICER | 1 |
| FAZIO, JOSEPH | POLICE OFFICER | 18 |
| FIELD, CAROLYN | POLICE OFFICER | 61 |
| GONZALEZ, ANDRES | CHIEF | 601 |
| GRIFFITHS, JAMES | POLICE OFFICER | 89 |
| GRIMES, CORNELL | POLICE OFFICER | 56 |
| GUINN, MELVIN | SERGEANT | 624 |
| HARRIS, JAMES | LIEUTENANT | 644 |
| HARRIS, TYSHAUNE | POLICE OFFICER | 3 |
| HERMENSKY, PAUL | SERGEANT | 630 |
| HINKLE, THOMAS | POLICE OFFICER | 42 |
| HOLDEMAN, JEFFREY | POLICE OFFICER | 10 |
| HOMERICK, DALE | LIEUTENANT | 636 |
| JONES SR., LARRY | POLICE OFFICER | 26 |
| JUSTUS, JACK | POLICE OFFICER | 35 |
| KOLB, STEPHEN | POLICE OFFICER | 70 |
| KUBIAK, DUSTIN | POLICE OFFICER | 57 |
| KUSKA, STEVE | POLICE OFFICER | 22 |
| LASTUKA, JERRY | SERGEANT | 648 |
| LENZ, ROBERT | POLICE OFFICER | 52 |
| LEON, MANUEL | POLICE OFFICER | 58 |
| LIEB, JACOB | POLICE OFFICER | 71 |
| LIKES, WILLIAM | LIEUTENANT | 660 |
| LOCKHART, JACOB | POLICE OFFICER | 50 |
| MATOS, ZULEIKA | POLICE OFFICER | 72 |
| MCGILBRA II, DOUGLAS | POLICE OFFICER | 11 |

Exhibit B

ALL SWORN OFFICERS                                    11/9/2018

| NAME | POSITION | BADGE # |
|---|---|---|
| MOLLOHAN, DONALD | POLICE OFFICER | 73 |
| MORALES, ANGEL J | DEPUTY CHIEF | 602 |
| NAGY, ALECIA | POLICE OFFICER | 4 |
| NEAL, JAMES | SERGEANT | 668 |
| NEMETZ, NEIL | POLICE OFFICER | 30 |
| NORWILLO, JAMES | POLICE OFFICER | 39 |
| REASER, AARON | SERGEANT | 628 |
| ROBERTS, NOELLE | POLICE OFFICER | 49 |
| RUCKER, CAROL | COMMANDER | 604 |
| SABEIHA, ALI | POLICE OFFICER | 16 |
| SANDERS, JAMES | POLICE OFFICER | 51 |
| SHAKIR, WALI | POLICE OFFICER | 8 |
| SHELTON III, WILLIAM | POLICE OFFICER | 66 |
| SMIDDY, JOHN | SERGEANT | 654 |
| SMITH, BRADD | POLICE OFFICER | 12 |
| STYLES, PAUL | SERGEANT | 656 |
| SVEC, CHRISTOPHER | POLICE OFFICER | 96 |
| THOMPSON KROPP, MATTHEW | POLICE OFFICER | 23 |
| THOMPSON, DSHAUN | POLICE OFFICER | 59 |
| TROYER, THEODORE | SERGEANT | 664 |
| VALES, ROBERT | SERGEANT | 626 |
| VIDAL-ENGAURRAN, THOMAS | POLICE OFFICER | 19 |
| WEIS, ROBERT | POLICE OFFICER | 6 |
| WHITE, KYLE | SERGEANT | 650 |
| WHITNEY, DAVID | POLICE OFFICER | 48 |
| WILLIAMS, THOMAS | POLICE OFFICER | 65 |
| WRIGHT, STACEE | POLICE OFFICER | 83 |
| ZAPPONE, ANTHONY | POLICE OFFICER | 7 |