IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY ROQUEMORE, Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased,<br><br>         Plaintiff,<br><br>vs.<br><br>CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al.,<br><br>         Defendants. | CASE NO. 1:24-CV-01434<br><br>JUDGE DONALD C. NUGENT<br><br>**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION AND TO CONTINUE STAY ON DISCOVERY** |

## I. INTRODUCTION

Defendants Andres Gonzalez, Victor McDowell, Thomas Burdyshaw, John Smiddy, and Jeffery Patterson, by and through counsel, respectfully move for partial reconsideration of Court's Order, dated April 23, 2025 (Doc.#46), denying Defendant's Motion for Partial Judgment on the Pleadings on the alleged claims for "excessive force" and "failure to train/supervise" alleged against them in Count I of the Amended Complaint. This Motion for Reconsideration has been filed because the Court only addressed one of the two legal arguments that were raised by Defendants in their Motion for Partial Judgment on the Pleadings for why Count I must be dismissed against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson. In particular, the Court did not rule upon Defendants' second legal argument that the allegations in Count I about the alleged failure to train and supervise, "if factually supported, may be a basis for municipal liability, not individual supervisory liability." (Doc.#32, Def. MJP, pg. 9, PageID#298) (citing *Hicks v. City of Akron, Ohio*, No. 5:23-CV-1, 2024 WL 732330, *12 (N.D. Ohio Feb. 2,

2024), *Brumlow v. Hamilton Cnty.*, No. 1:16-cv-394, 2019 WL 613217, at *4 (E.D. Tenn. Feb. 13, 2019), and *Harvey v. Campbell Cnty.*, 453 F. App'x 447, 463 (6th Cir. 2011)).

Indeed, as this Court explained *France v. Lucas*, No. 1:07CV3519, 2012 WL 5207555 (N.D. Ohio Oct. 22, 2012), *aff'd*, 836 F.3d 612 (6th Cir. 2016) "[c]laims for lack of training or supervision have been described as theories of 'municipal <u>inaction</u>.'" *Id.* at *11 (citing *Arendale v. City of Memphis*, 519 F.3d 587, 599 (6th Cir.2008)) (emphasis added). Individual defendants, however, cannot be held liable under 42 U.S.C. § 1983 based upon a "municipal inaction" theory. Rather, as Judge Lioi recently explained in *Hicks*, individual liability under § 1983 "does not attach when it is premised on a mere failure to act; it must be based on active unconstitutional behavior." *Id.*, 2024 WL 732330, at *12 (citing *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002)). Thus, Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson cannot be held individually liable for an alleged "failure to train and supervise" claim as a matter of law.

Here, Count I alleges a Section 1983 claim against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson based upon allegations of the alleged "failure to train and supervise." (Doc.#14, Amd. Compl. Count I, PageID#120). Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson cannot be held individually liable, however, for the "failure to train and supervise" claim because it is a claim based upon a theory of "municipal inaction" that can give rise to <u>municipal</u> liability, not individual liability. Accordingly, Defendants respectfully request that the Court reconsider this portion of its Memorandum of Opinion and Order (Doc.#46) that denies the Motion for Partial Judgment on the Pleadings on the failure to train/failure to supervise claim alleged in Count I against the Individual Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson. Further, in light of this Motion for Reconsideration, Defendants respectfully request that all discovery continue to be stayed pending a ruling on this Motion.

2

## II. FACTUAL BACKGROUND

On September 24, 2024, Plaintiff filed a four-count Amended Complaint alleging: (1) excessive force and failure to train and supervise in violation of 42 U.S.C. § 1983 (Count I); (2) wrongful death (Count II); (3) Americans with Disabilities Act violation (Count III); and negligence (Count IV). (Doc. #14). On January 13, 2025, Defendants filed a Motion for Partial Judgment on the Pleadings on all claims except for Count I alleged against CMHA and Ragland and Count II alleged against Ragland. (Doc. #32). On February 27, 2025, Defendants filed a Motion to Stay Discovery Pending Ruling on Motion for Partial Judgment on the Pleadings, which was granted by this Court. (Doc. #39 and Doc. #40). The Court granted this Motion to Stay Discovery, which stayed all discovery, including depositions, pending a ruling on the Motion for Partial Judgment on the Pleadings. (Doc. #41).

On April 23, 2025, this Court issued a Memorandum of Opinion and Order that granted Defendants' Motion for Partial Judgment on the Pleadings, with the exception of claims alleged in Count I against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson. (Doc. #46, Memorandum of Opinion and Order, pp. 14-16, PageID#411-413). In ruling on this claim, however, the Court focused exclusively upon Defendants' first argument about whether the First Amended Complaint pleaded sufficient facts under the *Iqbal/Twombly* pleading standards, but did not address Defendants' second argument that the failure to train and supervise claim was a theory of municipal liability, not individual liability. (*Id.*) Accordingly, Defendants hereby move for partial reconsideration on this previously raised ground.

## III. LAW AND ARGUMENT

Reconsideration of an interlocutory order is permissible under common law and Federal Rule of Civil Procedure 54(b). *Smith v. Steris Corp.*, 2024 WL 2749313, *4 (N.D.Ohio May 29,

3

2024); *Asphalt Systems, Inc. v. Unique Paving Materials, Corp.*, 2024 WL 4188290, *1 (N.D.Ohio Sept. 13, 2024); *Xiaoguang Zheng v. Soufun Holdings, Ltd.*, Case No. 1:15-cv-1690, 2016 WL 4082674, *1 (N.D. Ohio July 29, 2016). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Government of Guam Retirement Fund v. Invacare Corp.*, Case No. 1:13-cv-1165, 2014 WL 6982233, *2 (N.D. Ohio Dec. 9, 2014) (citations omitted).

Here, Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson request reconsideration of the portion of the Court's Order denying a Motion for Judgment on the Pleadings on the alleged "failure to train/supervise" claim alleged against them in Count I because the Court's Order did not address Defendants' <u>second</u> legal argument that a failure to train and supervise claim can state a claim for municipal liability, <u>not</u> individual liability. (Doc. #32, Def. MJP, PageID #298); (Doc. #42, Def. Reply Brief, PageID #346-349). Indeed, if granted, this second legal argument would entitle each of the Individual Defendants (other than Ragland) to dismissal from the case as a matter of law. Accordingly, the Court should reconsider its Order on this issue because it would constitute a manifest injustice if Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson remained as Defendants in the case based upon a legal theory that cannot give rise to personal liability as a matter of law.

In this regard, there is a clear legal distinction under 42 U.S.C. § 1983 between a claim for <u>individual</u> liability and a claim for <u>municipal</u> liability based upon the legal standards adopted by the Supreme Court in *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). As this Court explained in *France v. Lucas*, Case No. 1:07CV3519, 2012 WL 5207555 (N.D. Ohio Oct. 22, 2012), *aff'd*, 836 F.3d 612 (6th Cir. 2016), "[c]laims for lack of training or supervision have been

4

described as theories of 'municipal inaction'" that can give rise to municipal liability if all of the essential elements can be proven.  *Id.* at *11 (citing *Arendale v. City of Memphis*, 519 F.3d 587, 599 (6th Cir.2008). Individual defendants, however, cannot be held liable under 42 U.S.C. § 1983 based upon a "municipal inaction" theory.  Rather, as Judge Lioi explained in *Hicks*, individual liability under § 1983 "does not attach when it is premised on a mere failure to act; it must be based on active unconstitutional behavior." *Id.*, 2024 WL 732330, at *12 (citing *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002)).

Here, Count I alleges a claim for "excessive force" and the alleged "failure to train and supervise under 42 U.S.C. § 1983." (Doc.#14, 1st Amd. Compl., Count I, PageID#120).  The excessive force claim, however, is alleged only against Officer Ragland, as there are no facts alleged against Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson that they personally engaged in any acts of excessive force or participated in any acts of excessive force.  Rather, the claim alleged in Count I against Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson is based upon the alleged "failure to train and supervise" Officer Ragland, which, as previously discussed above, is a claim based upon a theory of municipal inaction that can give rise to <u>municipal</u> liability, but not individual liability.  Accordingly, Defendants respectfully request that the Court reconsider the portion of its Memorandum of Opinion and Order that denies the Motion for Partial Judgment on the Pleadings on the failure to train and supervise claim alleged in Count I against the Individual Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson, and continue the stay of discovery until this Motion for Reconsideration has been decided.

**CONCLUSION**

For these reasons, Defendants respectfully request that this Court reconsider its Order denying a motion for judgment on the pleadings on the individual capacity claim alleged in Count I against Defendants Andres Gonzalez, Victor McDowell, Thomas Burdyshaw, John Smiddy, and Jeffery Patterson, and enter an Order dismissing Defendants Gonzalez, McDowell, Burdyshaw, Smiddy and Patterson as Defendants in this case. Defendants further request that the stay of discovery continue pending a ruling on Defendants' Motion for Reconsideration.

Respectfully submitted,

*/s/ Aretta K. Bernard*
Aretta K. Bernard (0039116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
P: 330.376.2700
F: 330.376.4577

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically on May 6, 2025.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

David B. Malik
david@davidmaliklaw.com
31320 Solon Road, Unit #19
Solon, Ohio  44139

                                                                    /s/ Aretta K. Bernard
                                                                    One of the Attorneys for Defendants