IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KIMBERLY ROQUEMORE,** | ) CASE NO. 1:24 CV 01434 |
| | ) |
| *Individually and as the Administratrix* | ) |
| *of the Estate of Maalik Roquemore,* | ) JUDGE DONALD C. NUGENT |
| *Deceased,* | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **CUYAHOGA METROPOLITAN** | ) **ORDER** |
| **HOUSING AUTHORITY, et al.,** | ) |
| | ) *(Staying Discovery Pending Briefing* |
| **Defendants.** | ) *and Ruling on ECF #48)* |

On April 23, 2025, this Court issued a *Memorandum of Opinion* and accompanying *Order*, (ECF #46 & ECF #47), GRANTING in part and DENYING in part *Defendants' Motion for Partial Judgment on the Pleadings* (ECF #32). On May 6, 2025, individually named Defendants Andrés González, Victor McDowell, Thomas Burdyshaw, John Smiddy, and Jeffery Patterson filed *Defendants' Motion for Partial Reconsideration and to Continue Stay on Discovery*, (ECF #48), asserting that "the Court only addressed *one* of the *two* legal arguments that were raised by Defendants in their Motion for Partial Judgment on the Pleading for why Count I must be dismissed against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson," (ECF #48, p.1, PageID# 432), and "respectfully request[ing] that all discovery continue to be stayed pending a ruling on this Motion." (*Id.*, p.2, PageID# 433).

The Court notes that its earlier *Memorandum of Opinion* (ECF #46) did consider *all* of

Defendants' legal arguments, including whether there may be individual supervisor liability in connection with "failure to train" claims under 42 U.S.C. § 1983. Defendants' initial briefing, as well as its *Motion for Reconsideration*, are essentially premised on an argument that the case law leaves no room at all for individual liability in "failure to train" claims under Section 1983, citing *Hicks v. City of Akron, Ohio*, No. 5:23-CV-1, 2024 WL 72330 (N.D. Ohio Feb. 22, 2024). While that argument puts forward a perhaps overly-broad reading of *Hicks* and the other cases cited within it, *see, e.g.*, *Hicks*, 2024 WL 72330, at *11-*12 ("To hold a supervisor individually liable based on a failure to train or supervise a subordinate, the supervisor must have "'either encouraged the specific incident or misconduct or in some way directly participated in it. *At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.*'") (emphasis supplied), the Court is willing to consider Defendants' *Motion for Reconsideration*, and further argument on whether the factual assertions of the *First Amended Complaint* (ECF #14) can plausibly support a claim for individual liability.

Accordingly, Defendants' request that all discovery be stayed pending full consideration of *Defendants' Motion for Partial Reconsideration and to Continue Stay on Discovery*, (ECF #48) is GRANTED pending a final disposition of the pending motion for reconsideration.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 12, 2025