# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **KIMBERLY ROQUEMORE,** | CASE NO.  1:24 CV 01434 |
| *Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased,* | JUDGE DONALD C. NUGENT |
| **Plaintiff,** | **MEMORANDUM OF OPINION AND ORDER** |
| **v.** | *(Granting Individual Defendants González's, McDowell's, Burdyshaw's, Smiddy's, and Patterson's Motion for Partial Reconsideration of the Court's Memorandum of Opinion and Order of April 23, 2025)* |
| **CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al.,** | |
| **Defendants.** | *(Granting Motion to Dismiss Individual Capacity Claims against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson)* |
| | – and – |
| | *(Vacating May 12, 2025 Order Staying Discovery Pending Consideration of Motion for Partial Reconsideration)* |
| | **(This Memorandum of Opinion and Order Relates to Documents ECF #48, ECF #49, ECF #54, ECF #55, and ECF #56)** |

This case is now before the Court on *Defendants' [Andrés González's, Victor McDowell's, Thomas Burdyshaw's, John Smiddy's, and Jeffery Patterson's] Motion for Partial*

*Reconsideration [of the Court's Earlier Order of April 23, 2025, Denying "Individual Liability"*
*Claims Against Them Under 42 U.S.C. § 1983] and to Continue Stay on Discovery*, (ECF #48).
The issues raised therein are now fully briefed, and ready to rule. For the reasons set forth below,
*Defendants' Motion for Partial Reconsideration* (ECF #48) is GRANTED, the portion
*Defendants' Motion for Partial Judgment on the Pleadings* (ECF #32) seeking dismissal of the
"individual liability" claims against Defendants González, McDowell, Burdyshaw, Smiddy, and
Patterson under the *First Cause of Action* (based on 42 U.S.C. § 1983) is now GRANTED, and,
the Court's earlier May 12, 2025 *Order* (ECF #49) granting a stay of discovery pending
resolution of the *Motion for Partial Reconsideration* is hereby VACATED, and discovery related
to the remaining claims against Defendants Cleveland Metropolitan Housing Authority and
Cleveland Metropolitan Housing Authority Police Officer Desmond Ragland may recommence.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 24, 2024, Kimberly Roquemore, individually and as the Administratrix of
the Estate of Maalik Roquemore, filed a *First Amended Complaint* against Defendants Cleveland
Metropolitan Housing Authority ("CMHA"), Cleveland Metropolitan Housing Authority Police
Department ("CMHAPD"), CMHAPD Officer Desmond Ragland, CMHAPD Chief of Police
Andrés González, CMHAPD Deputy Chief of Police Victor McDowell, CMHAPD Commander
of Field Operations Thomas Burdyshaw, CMHAPD Field Training Officer Program Supervisor
John Smiddy, and CMHA Chief Executive Officer and Safety Director Jeffery Patterson. (ECF
#14). The case arose out of Officer Ragland's use of lethal force against Maalik Roquemore, a
resident of an apartment complex owned by CMHA (who had a documented history of mental
health disabilities), in the very early morning hours of September 5, 2022, while Officer Ragland

-2-

was responding to a "loud noise" complaint at the CMHA apartment complex where Mr. Roquemore lived, which later devolved into an altercation between Mr. Roquemore and Officer Ragland.  The facts of this case are set forth in the Court's *Memorandum of Opinion and Order of April 23, 2025*, at pages 2 to 5.  (ECF #46, PageID #399-#402).

The *First Amended Complaint* asserted four claims against CMHA, the CMHAPD, and Defendants Ragland, González, McDowell, Burdyshaw, Smiddy, and Patterson in their official and individual capacities.  The *First Cause of Action* asserted excessive force and failure to train, in violation of 42 U.S.C. § 1983.  (ECF #14, ¶¶ 113-123).  The *Second Cause of Action* asserted wrongful death under Ohio law, "resulting in damages recoverable under [Ohio Revised Code] § 2125.02 and pre-death agony as well."  (ECF #14, ¶ 125).  The *Third Cause of Action* asserted a violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*.  (ECF #14, ¶¶ 127-128).  The *Fourth Cause of Action* was identified as "State Law Claim," and generally asserted a negligent and/or "malicious" breach of a duty of care owed to Maalik Roquemore by failing to "develop and implement effective safety and training policies, customs, practices, and procedures[,] and to be in compliance with Title II of the [Americans With Disabilities Act]." (ECF #14, ¶¶ 131-136).

On April 23, 2025, this Court issued a *Memorandum of Opinion* and accompanying *Order*, (ECF #46 & ECF #47), GRANTING in part and DENYING in part *Defendants' Motion for Partial Judgment on the Pleadings* (ECF #32).  The *Order* of April 23, 2025, made the following rulings:

- GRANTED the *Motion for Partial Judgment on the Pleadings* as to *all* claims asserted against Defendant Cuyahoga Metropolitan Housing Authority Police Department, in the *First Cause of Action*, *Second Cause of Action*, *Third Cause of Action*, and *Fourth Cause of Action*;

-3-

- GRANTED the *Motion for Partial Judgment on the Pleadings* as to all the "official capacity" claims asserted against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson, as asserted in the *First Cause of Action*;

- DENIED the *Motion for Partial Judgment on the Pleadings* as to the "individual capacity" claims asserted against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson, as asserted in the *First Cause of Action*;

- GRANTED the *Motion for Partial Judgment on the Pleadings* as to Defendants CMHA, González, McDowell, Burdyshaw, Smiddy, and Patterson, as asserted in the *Second Cause of Action*;

- GRANTED the *Motion for Partial Judgment on the Pleadings* as to Defendants CMHA, González, McDowell, Burdyshaw, Smiddy, and Patterson, as asserted in the *Third Cause of Action*; and

- GRANTED the *Motion for Partial Judgment on the Pleadings* as to Defendants CMHA, González, McDowell, Burdyshaw, Smiddy, and Patterson, as asserted in the *Fourth Cause of Action*.

(ECF #47).

On May 6, 2025, Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson filed *Defendants' Motion for Partial Reconsideration and to Continue Stay on Discovery*, (ECF #48), asserting that "the Court only addressed *one* of the *two* legal arguments that were raised by Defendants in their Motion for Partial Judgment on the Pleading for why Count I [*sic*] must be dismissed against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson," (ECF #48, p.1, PageID# 432),[1] and "respectfully request[ing] that all discovery continue to be stayed pending a ruling on this Motion." (*Id.*, p.2, PageID# 433).

On May 12, 2025, Plaintiff Kimberly Roquemore filed a *Motion for Leave to Respond to*

---

[1]

Actually, there was no "Count I," but rather a *First Cause of Action*, as titled in the *First Amended Complaint*. (ECF #14).

-4-

*Motion for Reconsideration*, (ECF #50), with a request to have until May 22, 2025 to respond to Defendants' *Motion for Partial Reconsideration*, which the Court granted by marginal entry order the next day, (ECF #51).

On May 13, 2025, Defendants filed a *Response to Plaintiff's Motion for Leave to Respond*, (ECF #52), which proposed a revised briefing schedule on the *Motion for Partial Reconsideration* (which allowed more time for Plaintiff to respond than had been given by the marginal entry order), which the Court accepted per an *Order* issued the same day, (ECF #53). The *Order* also vacated the earlier marginal entry order.

The *Motion for Partial Consideration*, (ECF #48), is now fully briefed and ready to rule. (*See* ECF #48, ECF #54, ECF #55, and ECF #56).

Within the briefing on the *Motion for Partial Reconsideration* was also a request by Defendants to stay all discovery pending resolution of the *Motion for Partial Reconsideration* (the full title of the motion being *Defendants' Motion for Partial Reconsideration and to Continue Stay on Discovery*).

On March 12, 2025, the Court issued an *Order* granting the stay of discovery, (ECF #49), which *Order* also addressed the argument made in Defendants' *Motion for Partial Consideration*, that the Court had "only addressed one of the two legal arguments that were raised by Defendants in their Motion for Partial Judgment on the Pleadings for why Count I must be dismissed against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson":

> The Court notes that its earlier *Memorandum of Opinion* (ECF #46) did consider *all* of Defendants' legal arguments, including whether there may be individual supervisor liability in connection with "failure to train" claims under 42 U.S.C. § 1983. Defendants' initial briefing, as well as its *Motion for Reconsideration*, are essentially premised on an argument that the case law leaves no room at all for individual liability in "failure to train" claims under

-5-

Section 1983, citing *Hicks v. City of Akron, Ohio*, No. 5:23-CV-1, 2024 WL
72330 (N.D. Ohio Feb. 22, 2024).  While that argument puts forward a perhaps
overly-broad reading of *Hicks* and the other cases cited within it, *see, e.g.*,
*Hicks*, 2024 WL 72330, at *11-*12 ("To hold a supervisor individually liable
based on a failure to train or supervise a subordinate, the supervisor must have
"'either encouraged the specific incident or misconduct or in some way directly
participated in it. *At a minimum a plaintiff must show that the official at least
implicitly authorized, approved, or knowingly acquiesced in the
unconstitutional conduct of the offending officers.*'") (emphasis supplied), the
Court is willing to consider Defendants' *Motion for Reconsideration*, and
further argument on whether the factual assertions of the *First Amended
Complaint* (ECF #14) can plausibly support a claim for individual liability.

(*Order*, ECF #49).  Thus, the Court *did* consider all of Defendants' arguments, but at the time

had simply *not adopted one of them* on the potential individual capacity claims as to Defendants

González, McDowell, Burdyshaw, Smiddy, and Patterson.

The Court now addresses Defendants' *Motion for Partial Reconsideration*.

## LEGAL ANALYSIS AND RULING ON
## DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION

Motions for reconsideration of a Court's interlocutory rulings are governed by Federal

Rule of Civil Procedure 54(b), which provides:

When an action presents more than one claim for relief – whether as a claim,
counterclaim, crossclaim, or third-party claim – or when multiple parties are
involved, the court may direct entry of a final judgment as to one or more, but
fewer than all, claims or parties only if the court expressly determines that there
is no just reason for delay.  *Otherwise, any order or other decision, however
designated, that adjudicates fewer than all the claims or rights and liabilities
of fewer than all the parties does not end the action as to any of the claims or
parties and may be revised at any time before the entry of a judgment
adjudicating all the claims and all the parties' rights and liabilities*.

FED. R. CIV. P. 54(b) (emphasis supplied).

The grounds justifying reconsideration are limited.  "The major grounds justifying

reconsideration of interlocutory orders are an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *John Hancock Life Ins. Co. v. Ufer*, Case No. 3:11-CV-02344, 2013 U.S. Dist. LEXIS 74147, at *2 (N.D. Ohio May 24, 2013) (quoting *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S.; Steel Corp.*, 479 F.2d 489 (6th Cir. 1973), *cert. denied*, *Fuhrman v. U.S. Steel Corp.*, 414 U.S. 859 (1973)).

Motions to reconsider a ruling, however, are extraordinary in nature and should not be used as a vehicle to simply repeat arguments already considered by the Court and not adopted in its ruling:

> Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," ***they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged*** ." To be sure, "a court can always take a second look at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." ***It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court*** or "to proffer a new legal theory or new evidence to support a prior argument when a legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." ***Where, as is the case with much of the instant motion, "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit.***"

*McConocha v. Blue Cross & Blue Shield Mut.*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citations omitted, emphasis supplied).

A motion for reconsideration "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." *Triplett-Fazzone v. City of Columbus*, Case No. 2:12-CV-00331, 2013 U.S. Dist. LEXIS 110663, at *8 (S.D. Ohio Aug. 5, 2013).

Yet, on certain *rare* occasions, a Court determines that a second look at a ruling issued in

an earlier written decision and judgment, as it may apply to the ongoing litigation in a case before it, may be warranted.[2] The Court finds that it is appropriate to do so here.

On further consideration of the *specific* claims made in the *First Amended Complaint* (ECF #14), as well as taking into consideration the arguments of all parties raised in the recent briefing, it is evident that, even with reading each of the allegations of the *First Amended Complaint* in the strongest light most favorable to Plaintiff, there are no *specific* or *plausible* allegations that Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson encouraged, directly participated in, or implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of the claimed use of excessive force in the fatal altercation between Mr. Roquemore and Officer Ragland. Accordingly, the "individual capacity" claims against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson should be dismissed. *See, e.g.*, *Hicks v. City of Akron*, No. 5:23-CV-1, 2024 WL 72330, at *11 (N.D. Ohio Feb. 22, 2024).

The claims of the *First Amended Complaint* as to Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson are limited to only an alleged "failure to train" Officer Ragland prior to allowing him to conduct his patrol independently (or, perhaps more specifically "failure to train him enough") or to adequately supervise him. Such claims may form a basis for

---

2

    The Court notes that "motions for reconsideration" of final, case-dispositive-as-to-all-parties, judgments do not exist *at all*, though they are often filed. *See, e.g.*, *In re Telxon Sec. Litig.*, No. 5:98-CV-2876, 2001 WL 37161834 (N.D. Ohio Jan 19, 2001) ("Motions for Reconsideration do not technically exist under the Federal Rules of Civil Procedure.") (citing *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 382 (6th Cir. 1991) (motion for reconsideration is not contemplated by Rule 59 because it does not seek to alter or amend judgment)). In such cases, a dissatisfied party is not seeking to "alter" or "amend" a final judgment, but rather to *reverse* it.

municipal liability, but do not reach the level of a viable claim for individual liability. *See, e.g.*, *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (attempt to sue individual officer for failure to adequately supervise without allegation of individual involvement "improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability") (quoting *Phillips v. Roane County*, 534 F.3d 531, 543 (6th Cir. 2008)).

To be held individually liable under Section 1983 based on an alleged "failure to train" or "failure to supervise" claim, the conduct of a person acting under color of state law must have both directly violated the United States Constitution and directly resulted in a plaintiff's injuries. *Heyerman*, 680 F.3d at 647 ("To state a cognizable claim against an individual under § 1983, 'a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or the laws of the United States (2) caused by a person acting under color of state law.'  Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior.") (citations omitted); *see also Colter v. Mekhi*, 2021 WL 681405, at *2 (N.D. Ohio Feb. 22, 2021) ("Supervisory liability requires some 'active unconstitutional behavior' on the part of the supervisor" to which "'the plaintiff can point that is directly correlated with the plaintiff's injury.'"); *Essex v. County of Livingston*, 518 Fed. App'x 351, 355 (6th Cir. 2013) ("'[L]iability must lie upon more than a mere right to control employees and cannot rely on simple negligence.'  There must be some conduct on the supervisor's part to which a plaintiff can point that is directly correlated with the plaintiff's injury.") (citations omitted).

As Plaintiff has not alleged any *direct* conduct taken by Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson that lead to Maalik Roquemore's injuries or death in

connection with the fatal altercation between Mr. Roquemore and Officer Ragland at the CMHA apartment complex on September 5, 2022, dismissal of the "individual capacity" claims against these named Defendants is appropriate.  The Court notes that Plaintiff's "municipal liability" claims against Defendant CMHA, which effectively incorporate whatever claims she seeks to raise related to training and supervision, still remain at this stage of the case, as Defendant CMHA was not a movant in connection with the initial *Defendants' Motion for Partial Judgment on the Pleadings* (ECF #32).[3]

## CONCLUSION

Accordingly, *Defendants' Motion for Partial Reconsideration*, (ECF #48), related to the "individual capacity" claims against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson is **GRANTED**; and

*Defendants' Motion for Partial Judgment on the Pleadings* (ECF #32) seeking dismissal of the "individual liability" claims against Defendants González, McDowell, Burdyshaw, Smiddy, and Patterson under the *First Cause of Action* (based on 42 U.S.C. § 1983) is now **GRANTED**.

Because *Defendants' Motion for Partial Reconsideration* (ECF #48) has now been ruled upon and resolved, the Court's earlier May 12, 2025 *Order* (ECF #49) granting a stay of discovery pending resolution of the *Motion for Partial Reconsideration* is **VACATED**, and

---

[3]

    *See Memorandum of Opinion and Order* dated April 23, 2025 (ECF #46, p.9, PageID #406) ("Not included in the *Defendants' Motion for Partial Judgment on the Pleadings* are the *First Cause of Action* excessive force and failure to train claims under 42 U.S.C. § 1983 against Defendants CMHA and Ragland, and the *Second Cause of Action* wrongful death claim against Defendant Ragland.").

discovery on the remaining claims of the *First Amended Complaint* may recommence.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _August 20, 2025_

-11-