**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY ROQUEMORE,** | ) | **CASE NO. 1:24 CV 01434** |
| | ) | |
| ***Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased,*** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al.,** | ) | **MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR MORE TIME TO COMPLETE DISCOVERY** |
| | ) | |
| **Defendants.** | ) | (*This Order Relates to Documents ECF #108, ECF #109, and ECF #111*) |

This matter is before the Court on *Plaintiff's Motion for a Little Bit of Time to Complete Discovery*, (ECF #108), filed on August 26, 2026, wherein Plaintiff Kimberly Roquemore seeks to extend the discovery deadline – for the *fourth* time – to January 1, 2027, from the Court-ordered close of discovery date of September 1, 2026. Defendants Cleveland Metropolitan Housing Authority ("CMHA") and CMHA Police Officer Desmond Ragland filed a *Brief in Opposition* to the motion on August 31, 2026. (ECF #109). At a telephonic Case Status Conference held before the Court on September 1, 2026, (ECF #110), the Court gave Plaintiff Roquemore until Friday, September 4, 2026 to file a reply. That reply has been filed.[1]

---

[1] In the Court's *Minutes of Proceedings* related to the September 1, 2026 Case Status Conference, Defendants were also given leave to file a response to Plaintiff's reply by Tuesday, September 8, 2026, "if they wish." (ECF #110). As of 3:00 pm today, September 8, 2026, no

Although this Court has now granted ***three*** previous Plaintiff requests for extension of time to complete discovery, the Court will now grant a *brief* extension of time, until and through Friday, September 18, 2026, for the parties to complete the depositions of Plaintiff Kimberly Roquemore, Defendant CMHA Police Officer Desmond Ragland, and Defendant CMHA Police Chief Andres Gonzalez (or, in the alternative, CMHA Deputy Police Chief Victor McDowell). This is the *final* grant of any request to extend the merits discovery in this case.

The currently set dates for the filing of summary judgment briefing (if any are to be filed) of September 30, 2026 for Defendants to file any such motion, November 2, 2026 for Plaintiff to respond, and November 16, 2026 for Defendants to reply, (*see* ECF #106, *Minutes of Proceedings Dated August 26, 2026*), remain.

The trial date set by the Court, of December 14, 2026, (*see* ECF #107, *Civil Jury Trial Order*), also remains.

**BACKGROUND RELATED TO DISCOVERY**

As noted in this Court's *Minutes of Proceedings Dated September 1, 2016*, (ECF #110), the recitation of the discovery history of this case appears, for the most part, consistent with the record and docket in this case. (*See* ECF #110) ("*Plaintiff['s] [reply] must address the factual history of the case contained in Defendants' Brief in Opposition [to Plaintiff's Motion to Extend Discovery]. Court has reviewed such factual rendition and it appears to be consistent with the record and docket in this case.*") (clarifying inserts supplied). On closer review, however, the Court finds that Defendants' recitation of the fact history omits a few references to some of

---

further response has been filed. The motion is now "ready to rule."

Plaintiff's requests for deposition discovery (or recites them in a manner only reflecting Defendants' perceptions, without acknowledging the requests).

The recitation of facts contained in Defendants' *Brief in Opposition* is reproduced here (with references to the record amended to conform to the style applied by the Court elsewhere in this *Memorandum and Order*), with argumentative commentary removed, and with references to the items omitted from Defendants' recitation (but which must be considered in ruling fully on the motion now before the Court) reproduced in italics:

- The encounter between Maalik Roquemore and Officer Ragland occurred on September 5, 2022. (ECF #1).
- Plaintiff filed her initial Complaint in this matter on August 22, 2024. (ECF #1).
- This Court set an initial discovery deadline of September 1, 2025. (ECF #28).
- On January 13, 2025, the defendants filed a Motion for Partial Judgment on the Pleadings. (ECF #32).
- On February 3, 2025, [CMHA Police] Chief [Andres] Gonzalez timely responded to Plaintiff's Interrogatories. [*ECF Reference N/A*].[2]
- On February 11, 2025, [CMHA Police] Deputy Chief [Victor] McDowell timely responded to Plaintiff's Requests for Documents. [*ECF Reference N/A*].
- On February 12, 2025, [CMHA Police] Officer [Desmond] Ragland timely responded to Plaintiff's Interrogatories. [*ECF Reference N/A*].
- On February 27, 2025, the defendants filed a motion to stay discovery pending a ruling on their Motion for Partial Judgment on the Pleadings

2 While there are no ECF References to the dates indicated for discovery responses (as such are not "ECF Events"), there appears to be no dispute as to the accuracy of the dates represented.

setting forth the . . . legal reasons for a stay of discovery. (ECF #39). This Court granted [the] request [by *Margin Entry Order*] on the same day. (ECF #40).

- On February 8, 2025, Chief Gonzalez timely responded to Plaintiff's Requests for Documents. On March 3, 2025, [CHMA Police] Commander [Thomas] Burdyshaw timely responded to Plaintiff's Request for Documents. While the Court's initial [margin entry] Order [did not specify the parameters] of the stay on discovery, on March 4, 2025, the Court [later] clarified that the stay applied to all discovery, including depositions. (ECF #41).

- The stay remained in effect pending a final disposition of the defendants' motion for partial reconsideration [related to the Court's rulings on Defendants' *Motion for Partial Judgment on the Pleadings*, *see* ECF #46 & ECF #47]. (ECF #48 & ECF #49).

- On August 20, 2025, this Court issued its decision regarding the defendants' motion for partial consideration and, as such lifted the stay of discovery and ordered that discovery may recommence. (ECF #57 & ECF #58).

- On August 26, 2025, this Court extended the discovery deadline to February 1, 2026. (ECF #59). **[This represented the *first* extension of the discovery schedule]**

- *On November 30, 2025, Plaintiff verbally and in writing requested deposition dates in December 2025.* (ECF #111-1, *Correspondence attached to Plaintiff's Response in Support of Plaintiff's Request for More Time to Complete Discovery*) ("Just as a reminder, I have two calls in to you to obtain deposition[s] dated in December. I have no responses from either of you.").

- On January 14, 2026, Plaintiff moved this Court for an extension of the discovery deadline from February 1, 2026, to July 15, 2026. (ECF #73).

- On January 16, 2026, this Court extended the discovery deadline to May 1, 2026. (ECF #76). **[This represented the *second* extension of the discovery schedule]**.

- *On January 16, 2026, Plaintiff's counsel notified Defendants' counsel of his intention to seek the depositions of the County Coroner, Officer David Whitney, and [CMHA Chief Executive Officer and Safety Director] [Jeffrey] Petterson.* (ECF #111-2, *Correspondence attached*

*to Plaintiff's Response in Support of Plaintiff's Request for More Time to Complete Discovery*) ("I would like to depose the Coroner, Officer David Whitney[,] and John Patterson ASAP. Please provide me dates in February.").

- On February 9, 2026, Plaintiff's counsel, . . . served Notice for a 30(b)(6) deposition to take place on March 19, 2026. (ECF #81). Defendants did not oppose Plaintiff's . . . scheduling of this deposition. On March 6, 2026, Plaintiff's counsel . . . postponed the deposition claiming that he did not yet have complete information and that his availability had changed. . . . . (ECF #108).

- On March 2, 2026, CMHA responded to Plaintiff's Request for Entry and to Inspect. [*ECF Reference N/A*].

- *On March 20, 2026, Plaintiff's counsel notified Defendants' counsel of his intention to seek the deposition of CMHA Police Deputy Chief Victor McDowell.* (ECF #111-3, *Correspondence attached to Plaintiff's Response in Support of Plaintiff's Request for More Time to Complete Discovery*) ("Please provide me dates in April [f]or the deposition of Victor Mcdowell [*sic*] and counsel who is able to explain the MOU between CMHA and CPD.").

- *On March 30, 2026, Plaintiff's counsel notified Defendants' counsel of his intention to seek the depositions of what appear to be multiple CMHA* personnel. (ECF #111-4, *Correspondence attached to Plaintiff's Response in Support of Plaintiff's Request for More Time to Complete Discovery*) ("Please respond to my requests for depositions in the month of April. Please advise me of your clients [*sic*] available dates, otherwise I will be forced to unilaterally choose dates. I would however prefer to agree on those dates").

- On April 6, 2026, the undersigned counsel [for Defendants] provided Plaintiff's counsel six dates in April to conduct Plaintiff's . . . list of requested depositions as well as for Defendants to conduct Plaintiff's deposition. [ECF #109-2, Correspondence attached to *Defendants' Brief in Opposition to Plaintiff's Request for More Time to Complete Discovery*].

- On April 14, 2026, . . . Plaintiff filed a motion requesting a six-month stay of the case. (ECF #97).

- On April 29, 2026, CMHA responded to Plaintiff's Request for Documents, Set 2 to CMHA. At no point after April 29, 2026, did

Plaintiff indicate that there were any deficiencies with regard to CMHA's discovery responses. [*ECF Reference N/A*].

- On May 1, 2026, this Court held a status conference, which Plaintiff's counsel failed to appear for without any explanation. Despite Plaintiff's counsel's failure to attend the conference, based on Plaintiff's April 14, 2026, Motion requesting a six-month stay, this Court stayed this matter until July 1, 2026. The Court also extended the discovery deadline to September 1, 2026, due to Plaintiff's requested stay. (ECF #100). [**This represented the *third* extension of the discovery schedule**].

- After the stay of discovery was lifted effective July 1, 2026, Plaintiff requested several depositions in July and August. Defendants provided numerous dates that worked for the deponents and Defendants' counsel. Ultimately, Chief Gonzalez's deposition was scheduled to take place on July 29, 2026, and Deputy Chief McDowell's deposition was set to take place on August 19, 2026. Plaintiff's deposition was also scheduled to take place on August 13, 2026. Thereafter, Plaintiff unilaterally cancelled without explanation the August depositions and asked that the depositions be completed by the end of the year. [ECF #109-3 & ECF #109-4, Correspondence attached to *Defendants' Brief in Opposition to Plaintiff's Request for More Time to Complete Discovery*].[3]

- On August 10, 2026, Plaintiff's counsel suggested . . . another new list of depositions to be scheduled and requested dates in September, October, and November 2026, notwithstanding the discovery deadline currently set to expire on September 1, 2026. In addition to unilaterally cancelling Plaintiff's deposition, Plaintiff's counsel also entirely disregarded the remaining August dates the parties agreed to hold in order to timely complete discovery by September 1, 2026. [ECF #109-4, Correspondence attached to *Defendants' Brief in Opposition to Plaintiff's Request for More Time to Complete Discovery*].

- On August 25, 2026, one week before the discovery deadline, Plaintiff's counsel's assistant served Plaintiff's Request for Production of Documents, Set Three, to CMHA. [*ECF Reference N/A*].

---

3 While Defendants' use of the phrase "unilaterally cancelled without explanation" may qualify as "argumentative commentary" – which the Court earlier indicated would be redacted from this recitation – Plaintiff's response does not indicate disagreement with the representation that the cancellation was both unilateral and without explanation. As the events at issue occurred in the final month of the already-three-times-extended discovery period, these seemingly undisputed facts are pertinent to the resolution of the motion now before the Court.

- On August 26, 2026, the Court held a case status conference. During that conference, the Court reiterated the September 1, 2026, discovery deadline. The Court also set a dispositive motion briefing schedule, including a September 30, 2026, deadline to file any dispositive motion. The Court also scheduled trial to begin on December 14, 2026. (ECF #106).
- At the August 26, 2026, conference Defendants objected to any further extension of the discovery period given the generous amount of grace the Court ha[d] shown to Plaintiff and her counsel in granting three extensions of the discovery period requested by Plaintiff as well as a previous stay of the proceedings.

**LEGAL STANDARD**

The parties do not dispute the controlling legal standard to be applied to determine Plaintiff's motion. Under Federal Rule of Civil Procedure 16, a scheduling order may be modified only for good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "The primary measure of a moving party's show of good cause is their 'diligence in attempting to meet the case management order's requirements[,] but 'possible prejudice to the party opposing the modification is also relevant.'" *Nielson v. Seven Seventeen Credit Union, Inc.*, 2025 WL 2687775, at *1 (N.D. Ohio Sept. 19, 2025) (quoting *In re Onglyza & Kombiglyze v. Bristol-Meyers Squibb Co.*, 93 F.4th 339, 349 (6th Cir. 2024)); *see also Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). Good cause may exist when a party has been diligent but cannot reasonably meet the deadline due to circumstances outside its control. *Leary v. Daeschner*, 349 F.3d 888.06 (6th Cir. 2003).

Here, despite three prior grants of an extension of time to complete discovery (particularly deposition discovery), Plaintiff's counsel has been less than a "model of diligence" in ensuring that deposition discovery was timely completed. Plaintiff's counsel's assertions throughout this

litigation that "the main body of my life's work involves global crisis intervention," (*see* ECF #111-1, Correspondence attached to Plaintiff's Response in Support of *Plaintiff's Request for More Time to Complete Discovery*), could be taken to indicate that he has not been in a position, for one reason or another, to devote the level of diligence required under the "good cause" standard required by Sixth Circuit controlling precedent on requests for extension of discovery.

The Court finds that its previous three extensions of the discovery deadline have provided Plaintiff ample time and opportunity to complete document discovery, and to the extent Plaintiff's *Request for More Time to Complete Discovery* seeks additional time to conduct document discovery, Plaintiff's motion is denied. However, as the depositions of the Plaintiff and key CMHA personnel, particularly Defendant Officer Ragland, are central to the resolution of the case as to both potential future dispositive and/or pretrial written briefing, as well as potential trial preparation, the Court will extend the time for completion of the taking of depositions to, and through, Friday, September 18, 2026.

The Court instructs and orders, and expects, that the parties will make EVERY effort to cooperate with each other to get this done.

## CONCLUSION

Accordingly, *Plaintiff's Request for More Time to Complete Discovery*, (ECF #108) – to extend the discovery deadline to January 1, 2027 – is DENIED. However, the Court will GRANT an extension for the completion of *deposition* discovery in the case to, and through, September 18, 2026.[4]

---

4 Following this Court's *Order* of August 18, 2026, (ECF #105), said depositions are to be taken and recorded with a live, in-person, court reporter in the same room as, and accompanying,

IT IS SO ORDERED.

Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: September 8, 2026

the witness whose deposition is being taken.