**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY ROQUEMORE,** | ) | **CASE NO. 1:24 CV 01434** |
| | ) | |
| ***Individually and as the Administratrix of the Estate of Maalik Roquemore, Deceased,*** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CUYAHOGA METROPOLITAN HOUSING AUTHORITY, et al.,** | ) | **MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S UNTIMELY DISCLOSED EXPERT WITNESSES AND GRANTING DEFENDANTS' MOTION TO EXCLUDE DOCUMENTS PRODUCED BY PLAINTIFF FOR THE FIRST TIME ON SEPTEMBER 18, 2026** |
| **Defendants.** | ) | |
| | ) | |
| | ) | (*This Memorandum and Order Relates to Documents ECF #129 and ECF #140*) |

This matter is before the Court on two discovery-related motions: (1) Defendants Cuyahoga Metropolitan Housing Authority's ("CMHA") and CMHA Police Officer Desmond Ragland's *Motion to Exclude Plaintiff's Untimely Disclosed Expert Witnesses*, (ECF #129), filed on September 28, 2026, and (2) Defendants' *Motion to Exclude Documents Produced by Plaintiff for the First Time on September 18, 2026*, (ECF #140), filed on October 5, 2026. Both of these motions have been fully briefed, and are ready for ruling.[1]

---

[1] *See also* [Related to ECF #129]: *Plaintiff's Opposition to Defendants' Motion to*

As noted in this Court's prior *Orders*, the Court had extended the overall discovery deadline in this case ***three*** times.[2] On September 8, 2026, the Court granted a brief extension of time for the ***sole*** purpose of allowing the parties to take three depositions beyond the existing discovery deadline of September 1, 2026 – those of Plaintiff Kimberly Roquemore, Defendant CMHA Police Officer Desmond Ragland, and CMHA Police Chief Andres Gonzalez (or, in the alternative, CMHA Deputy Police Chief Victor McDowell). (ECF #112, *Memorandum and Order on Plaintiff's Motion for More Time to Complete Discovery*, p.2).

In an *Order* issued a few days later, the Court explicitly clarified that the brief discovery extension permitted ***only*** the taking of the three named depositions, and that all other discovery had closed on September 1, 2026:

> The Court also confirms that the representation noted in Exhibit C to *Defendants' Motion for Partial Reconsideration*, regarding the scope of permitted deposition discovery under the Court's September 8, 2026 *Memorandum and Order*, is accurate. (*See* ECF #126-3, *9/9/26 E-mail to Plaintiff's Counsel*). The Court's Memorandum and Order (ECF #112) permitted only for the taking of three depositions, those of: (1) Plaintiff Kimberly Roquemore, (2) Defendant CMHA Police Officer Desmond Ragland, and (3) Defendant CHMA Police Chief Andres Gonzales (or, *in the alternative*, CMHA Deputy Police Chief Victor McDowell).
>
> ***No further document discovery or depositions (other than the three depositions explicitly noted in the Court's September 8, 2026 Memorandum and Order) are permitted under the Court's September 8, 2026 Memorandum and Order.***

---

*Exclude Expert Disclosure*, (ECF #139), and *Reply Brief in Support of Motion to Exclude Plaintiff's Untimely Disclosed Expert Witnesses*, (ECF #142); and [Related to ECF #140]: *Plaintiff's Brief in Opposition to Defendants' Motion to Exclude Documents Produced on September 18, 2026*, (ECF #141), and *Reply Brief in Support of Motion to Exclude Documents Produced by Plaintiff for the First Time on September 18, 2026*, (ECF #143).

[2] *See Memorandum and Order on Plaintiff's Motion for More Time to Complete Discovery*, (ECF #112), and *Order, Dated September 14, 2026*, (ECF #127).

(ECF #127, *Order, Dated September 14, 2026*, p.2) (emphasis in final paragraph added).

On September 25, 2026, Plaintiff's counsel sent to Defendants' counsel an e-mail correspondence stating, in part: "with respect to Rule 26e disclosures, please [be] advised that the following two individuals will act as Plaintiff's experts: John Morgan – police use of force and training[, and] Michael Weinstock, MD [–] physical. I will be forwarding their CV's in the next few [days]."[3] As noted in Defendants' motion to exclude Plaintiff's late-identified experts, "To date [the date of Defendants filing their motion], Plaintiff has not provided any CVs, expert reports or any supplemental discovery response to Defendants' express interrogatory and request for documents on this exact issue that Plaintiff stated she would supplement since March of 2025, over 18 months ago." (ECF #129, p.4).

A few days prior to Plaintiff's initial (and untimely) identification of potential experts, on September 18, 2026, just after the completion of the deposition of CMHA Police Officer Desmond Ragland [as represented by Defendants' counsel],[4] "Plaintiff's counsel handed defense counsel a portable hard drive and a thumb drive without explanation verbally or in writing[;] when asked what was contained on the drives, Plaintiff's counsel refused to explain the content of the drives stating instead, 'you will see.'" (ECF #140, *Motion to Exclude Documents Produced by Plaintiff for the First Time on September 18, 2026*, p.1).

---

3 *See* ECF #129, *Motion to Exclude Plaintiff's Untimely Disclosed Expert Witnesses*, p.4 [quoting the e-mail] & ECF #139-1, *Attachment to Plaintiff's Opposition to Defendants' Motion to Exclude Expert Disclosure* [copy of e-mail] (clarifying inserts supplied).

4 Plaintiff's *Brief in Opposition* (ECF #141) does not dispute this account of the exchange.

These two events precipitated Defendants' motions. (ECF #129 & ECF #140). Of particular relevance is the fact that the deadline for filing dispositive motions in this case was September 30, 2026. (*See* ECF #106, ECF #112 & ECF #127) (Court *Orders* noting dispositive motion briefing deadlines).

For the reasons stated below, Defendants' *Motion to Exclude Plaintiff's Untimely Disclosed Expert Witnesses*, (ECF #129), and *Motion to Exclude Documents Produced by Plaintiff for the First Time on September 18, 2026*, (ECF #140), are each GRANTED.

## LEGAL STANDARDS AND APPLICATION

The Court evaluates Defendants' motions under the following legal standards:

First, under Federal Rule of Civil Procedure 16, a scheduling order may be modified only for good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "The primary measure of a moving party's show of good cause is their 'diligence in attempting to meet the case management order's requirements[,] but 'possible prejudice to the party opposing the modification is also relevant.'" *Nielson v. Seven Seventeen Credit Union, Inc.*, 2025 WL 2687775, at *1 (N.D. Ohio Sept. 19, 2025) (quoting *In re Onglyza & Kombiglyze v. Bristol-Meyers Squibb Co*., 93 F.4th 339, 349 (6th Cir. 2024)); *see also Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). Good cause may exist when a party has been diligent but cannot reasonably meet the deadline due to circumstances outside its control. *Leary v. Daeschner*, 349 F.3d 888.06 (6th Cir. 2003). As noted in this Court's earlier *Order*, despite the Court's permitting the three identified depositions to be taken after the close of fact discovery, "Plaintiff's counsel has been less than a 'model of diligence' in ensuring that deposition discovery was timely completed. . . . [and the] previous three extensions of the

discovery deadline have provided Plaintiff ample time and opportunity to complete document discovery[.]" (ECF #112, *Memorandum and Order on Plaintiff's Motion for More Time to Complete Discovery* pp.7-8). No showing of "good cause" for deviation from the discovery and disclosure schedules applicable to this case has been shown.

Second, as no explicit Court *Order* amended the time lines otherwise applicable to expert witness identification and disclosure set forth in Federal Rule of Civil Procedure 26, particularly FED. R. CIV. P. 26(a)(2)(D), disclosure of expert witness identity and testimony must be made at least 90 days before the date set for trial – which here was on or before September 15, 2026 (90 days prior to the December 14, 2026 trial date). FED. R. CIV. P. 26(a)(2)(D). While "Plaintiff's [earlier] discovery responses repeatedly stated that expert consideration was ongoing and would be supplemented," (*see* ECF #139, *Plaintiff's Opposition to Defendants' Motion to Exclude Expert Disclosure*, p.3), no identification of potential experts was made prior to September 15, 2026, nor any expert report produced. Plaintiff's first *actual* expert identification of witness disclosure was made well after that date, and no report or other detailed description of any expert testimony sought to be offered has yet been produced. (*See* FED. R. CIV. P. 26(B) ["*Witnesses Who Must Provide a Written Report*"] & FED. R. CIV. P. 26(C) ["*Witnesses Who Do Not Provide a Written Report*"]).[5]

Exclusion of the expert testimony or other product is appropriate where the failure to timely provide expert disclosure is neither substantially justified nor harmless. *See Pogue v. Northwestern Mut. Life Ins. Co.*, 2019 WL 1376032, at *4 (6th Cir. Feb. 7, 2019) (finding that the

---

[5] Thus, Plaintiff was not "supplementing" an earlier disclosure, as no actual disclosure had been made.

district court properly disregarded expert memorandum pursuant to FED. R. CIV. P. 37(c)(1) because the plaintiff never disclosed the expert as required by Rule 26(a)(2)(D)); *HLV, LLC v. Van Buren Cnty.*, 775 F. App'x 204, 215 (6th Cir. 2019) (district court's decision to exclude expert testimony affirmed based on district court's finding that plaintiff waited until the 90-day deadline passed before it disclosed its expert but made no showing that its failure to disclose the expert's identity was substantially justified or harmless).

Third, Federal Rule of Civil Procedure 37(c)(1) compels exclusion of Plaintiff's late-identified experts. Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26 "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).[6] Rule 37(c)(1) "requires *absolute compliance* with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Prida v. Option Care Enters., Inc.*, 2026 WL 1382394, at *14 (N.D. Ohio May 18, 2026) (internal citations omitted; emphasis in original); *EQT Prod. Co. v. Phillips*, 767 F. App'x 626, 634 (6th Cir. 2019) (characterizing the exclusion of non-disclosed evidence under Rule 37(c)(1) as mandatory) (internal quotation marks omitted).[7] The

---

6 While Rule 37(c)(1) provides for remedies "in addition to or instead of this sanction" [of exclusion], specifically, ordering the "payment of reasonable expenses, including attorneys fees, caused by the failure" to comply with Rule 26 disclosures, or "inform[ing] the jury of the party's failure," given the timing of Plaintiff's first identification of potential expert witnesses just five days prior to the dispositive motion deadline, neither of these alternatives is appropriate.

7 In *EQT Prod. Co. v. Phillips*, the Rule 26(a) non-compliance was due to the expert report being deficient as to substance – specifically being "overly subjective, provided no explanation as to the standard of care, and failed to offer even a conclusory opinion that [Defendant] breached the standard of care, let alone the basis and reasons for such an opinion" – as opposed to a timeliness failure).

burden is on the offending party to show that its non-disclosure was substantially justified or harmless. *See RJ Control Consultants, Inc. v. Multiject, LLC*, 100 F.4th 659, 668 (6th Cir. 2004).

In determining substantial justification and harmlessness, courts in the Sixth Circuit consider the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*RJ Control*, 100 F.4th at 668-69 (quoting *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015)); *see also Burris v. Ethicon, Inc.*, 2022 WL 2484557, at *2-*3 (N.D. Ohio June 3, 2022) (excluding expert under the *Howe* factors).

As to the first consideration, given Plaintiff's late disclosure of even the *identity* of potential experts until five days prior to the day dispositive motions were due, and over three weeks after the close of discovery, the "surprise to the party against whom the evidence would be offered" factor weighs in favor of exclusion.

The second and third factors present a closer call. Defendants were surely prejudiced in connection with the filing of their motion by Plaintiff's *first* identification of experts (and without any report or other detailed description of the testimony or opinions they might offer) only five days before the dispositive motion deadline. On the other hand, with trial still almost two months away, the Defendants *could*, if they so chose, ***seek by agreement*** with Plaintiff's counsel to depose Plaintiff's late-identified experts – and potentially challenge the admissibility of their opinions – prior to trial. Thus, the *second* factor strongly favors exclusion with respect to ***any*** use of Plaintiff's proposed evidence in connection with Plaintiff's briefing on, or this Court's

consideration of, Defendants' now-filed dispositive motion for summary judgment; though the *third* factor of potentially "disrupt[ing] the trial" is more remote. If the Court were to grant Defendants' motion for summary judgment, no "disruption of the trial" would occur; if the Court were to deny Defendants' motion, in whole or in part, allowing Defendants to challenge the substantive validity of Plaintiff's expert witness offering may be useful in narrowing the issues for trial.

The fourth factor, evaluating the actual "importance" of the evidence, weighs in favor of exclusion, in that Plaintiff has offered no information as to either the potential experts' qualifications or the specifics as to what opinions they might offer. With respect to the excessive force or wrongful death claims, if the case were to proceed to trial, the paramount evidence for the jury to evaluate would be *their own* evaluation of CMHA Police Officer Ragland's body-worn camera video. Expert testimony may not be even necessary on these issues.

As to the fifth factor, "the non-disclosing party's explanation for its failure to disclose the evidence," Plaintiff has not offered any meaningful explanation in support of this element, especially in light of the three prior extensions of the discovery period.

In sum, the balance of the *Howe* factors clearly supports the exclusion of Plaintiff's proposed experts, at least insofar as any such information might be used in connection with dispositive motion briefing or any related hearing on such a motion.

The five *Howe* factors apply equally to Plaintiff's late disclosure of other documentary evidence.[8] Weighing these factors in light of Plaintiff's *well-after-the-close-of-discovery*

---

[8] Both Plaintiff and Defendants agree that the pertinent standards for evaluating Plaintiff's September 18, 2026 "document production" are those set forth in *Howe*. (*See* ECF #141, *Plaintiff's Brief in Opposition to Defendants' Motion to Exclude Documents Produced on*

production of what amounted to approximately 900 gigabytes of data – close to "1Terabyte" of document data[9] – on the eve of the date set for filing dispositive motions, is a clear call. All five of the *Howe* factors weigh heavily in favor of exclusion.

**CONCLUSION**

Accordingly, for each of these reasons, Defendants' *Motion to Exclude Plaintiff's Untimely Disclosed Expert Witnesses*, (ECF #129), and *Motion to Exclude Documents Produced by Plaintiff for the First Time on September 18, 2026*, (ECF #140), are each GRANTED.

IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED: October 20, 2026

---

*September 18, 2026*, pp.3-4, and ECF #140, *Motion to Exclude Documents Produced by Plaintiff for the First Time on September 18, 2026*, p.6).

9 *See* ECF #140-1, *Declaration of Kevin Wooten*, attached as Exhibit A to Defendants' *Motion to Exclude Documents Produced by Plaintiff for the First Time on September 18, 2026*. To put this late document production in perspective, "1 terabyte of data can store 250,000 to 300,000 image files or 500,000 photos in high resolution; up to 500 hours of high-definition (1080p) video; up to 17,000 hours of audio data; and around 85 million Microsoft Word documents." (*See* ECF #140-1, p.2, ¶ 7).